## MAJESTIC MFG. CO. v. MAJESTIC ELECTRIC APPLIANCE CO., Inc.

No. 10731.

United States Court of Appeals
Sixth Circuit.

March 7, 1949.

Estill E. Ezell ánd Edmund C. Rogers, both of St. Louis, Mo. (Estill E. Ezell and Edmund C. Rogers, both of St. Louis, Mo., and Hubert E. Evans and Lloyd L. Evans, both of Cleveland, Ohio, on the brief), for appellant.

Bruce B. Krost, of Cleveland Ohio (George V. Woodling and Bruce B. Krost, both of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

The appellant, plaintiff below in a suit for trade-mark infringement and unfair competition, appeals from a judgment of dimissal upon a record which shows little or no controversy in the controlling facts recited by the court in its memorandum opinion and here summarized.

The appellant for more than 50 years has manufactured coal and gas stoves and ranges and a limited number of related items. It had, before the last war, fabricated electric plates that were to be used in connection with some of its coal and wood ranges, and had applied to them, as to its stoves and ranges, its trade-mark "Majestic." The appellee had embodied the word "Majestic" in its corporate name since its incorporation in 1944. It manufactures and sells electric irons and toasters of the breakfast table type. It is a corporation wholly owned by the Dominion Electric and Mfg. Co., Inc., and its irons bear the mark "Dominion" and on the bottom of the toasters the name "Dominion Electric and Mfg. Co." is stamped. When its appliances are shipped the master cartons bear the legend, "From Majestic Electric Appliance Co., Inc., Galion, Ohio."

Thus it will be seen that there is no specific competition between the parties, and we agree with the court below that the trade-mark is not original, arbitrary or fanciful and so a "strong mark" coming within the principle of such cases as Aunt Jemima Mills Co. v. Rigney & Co., 2 Cir., 247 F. 407, L.R.A.1918C, 1039, certiorari denied 245 U.S. 672, 38 S.Ct. 222, 62 L.Ed. 540; Eastman v. Kodak Cycle Co., 15 R.P.C. 105; and France Milling Co., Inc., v. Washburn-Crosby Co., Inc., 2 Cir., 7 F.2d 304, certiorari denied 268 U.S. 706, 45 S. Ct. 640, 69 L.Ed. 1168, but rather that it

calls for an application of the principle that where trade-marks are merely suggestive or descriptive they are weak marks affording protection to the owners only in the narrow and restricted field in which they have been applied. American Steel Foundries v. Robertson et al., 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317.

As an additional reason for affirmance we note, and it is substantially conceded, that there was no proof of any confusion in the minds of customers as to the source of the products of the respective parties nor to develop a secondary meaning for the term "Majestic" as indicating appliances produced by the appellant.

The judgment below is affirmed.