John W. CARSON, d/b/a Johnny Carson and Johnny Carson Apparel, Inc., Plaintiffs,

v.

HERE'S JOHNNY PORTABLE TOILETS, INC., Defendant.

Civ. A. No. 77–70147.

United States District Court, E. D. Michigan, S. D.

Sept. 24, 1980.

James W. Goss, Miller, Canfield, Paddock & Stone, Birmingham, Mich., Robert M. Newbury, Chicago, Ill., for plaintiffs.

Allen M. Krass, Krass & Young, Troy, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JULIAN ABELE COOK, Jr., District Judge.

This is a three count action for unfair competition, invasion of commercial rights or right of privacy, deceptive advertising and common law trademark infringement. Plaintiffs, John W. Carson, and Johnny

Carson Apparel, Inc., bring these proceedings to enjoin Defendant, Here's Johnny Portable Toilets, Inc., from using "Here's Johnny" as a corporate or trade name, or, in connection with, the advertising, offering for sale or lease, and sale or leasing of portable toilets. Additionally, Plaintiffs ask that Defendant be required to (1) account for, and pay, all profits which Defendant has made from the use of the product, or (2) pay an amount which is deemed to be equitable by the Court. Jurisdiction is based upon 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and 28 U.S.C. § 1332(a).

Plaintiff, John W. Carson, a citizen of the State of California, has been, and is, a comedian, entertainer and businessman, who is known professionally as Johnny Carson. Through substantial expenditures of time and effort over many years, he has become, and is, well known to the public throughout the United States. Since 1962, Plaintiff, John W. Carson, has been the host and star of "The Tonight Show," a television program which is broadcast by the National Broadcasting Company. He also appears as an entertainer in night clubs, theaters and other media. Since 1962, the opening format of "The Tonight Show" has included an introduction of Plaintiff, John W. Carson, with the phrase, "Here's Johnny." This mode of introduction was initially used by him in 1957 as host of a daily American Broadcasting Company television show, "Who Do You Trust." He has consistently used the phrase, "Here's Johnny," as a method of introduction over the years on his television program and other entertainment appearances. It is delivered by emphasizing and prolonging the word, "Here's" in a crescendo. The phrase, "Here's Johnny," which has been used to refer to Plaintiff, John W. Carson, in news articles and cartoons, is generally associated with him by a substantial segment of the television viewing public. This has been conceded by Defendant. In 1967, Plaintiff, John W. Carson, permitted his identity to be used for a chain of restaurants called "Here's Johnny."

Plaintiff, Johnny Carson Apparel, Inc., is a Delaware corporation, with its principal place of business in Buffalo, New York. Eighty percent of the stock of the Company is owned by a subsidiary of Hart Scaffner & Marx. The remaining twenty percent of the stock is owned by the Company President, Plaintiff, John W. Carson.

Plaintiff, Johnny Carson Apparel, Inc., was formed and first began business in 1970. It is engaged in the marketing of men's clothing and furnishings which is sold to the general public through approximately 3,000 retail outlets, with annual sales in excess of $50,000,000.00. The name of Plaintiff, John W. Carson (Johnny Carson) and/or his picture appear on virtually all Johnny Carson Apparel, Inc.'s products, advertising material and promotional matters. The phrase, "Here's Johnny," has also been used by Johnny Carson Apparel, Inc. to some extent on labels for clothing and in conjunction with its advertising and promotion campaign. The Company's current advertising and promotional expenses featuring "Here's Johnny" are in excess of One Million Dollars annually.

In 1977, Plaintiff Johnny Carson Apparel, Inc. granted a license to Marcy Laboratories and Ethique Laboratories to use the name and trademark, "Here's Johnny," on men's toiletries. Pursuant to that agreement, Johnny Carson Apparel, Inc.'s licensee is now selling and advertising "Here's Johnny" cologne, "Here's Johnny" skin shield and "Here's Johnny" soap.

Neither of the Plaintiffs has registered "Here's Johnny" as a trademark or service mark federally or within the State of Michigan.

Defendant, Here's Johnny Portable Toilets, Inc., is a Michigan corporation which was formed in 1976. Defendant's President, Earl Braxton, is the sole stockholder and officer of Defendant. Defendant is engaged in the business of renting and selling portable toilets. Defendant places the portable toilet cabanas on its customer's property and services the units by pumping the waste products into a tank truck for removal. Defendant applied to register "Here's Johnny" in the United States Pat-

ent and Trademark Office; however, action on that application was suspended pending disposition of the present action.

In considering Plaintiffs' use of "Here's Johnny," the Court has disregarded the use of the mark on men's toiletries since this use commenced after Defendant's use.

Defendant's use of the mark, Here's Johnny Portable Toilets, would constitute a false designation of origin and unfair competition, in violation of 15 U.S.C. § 1125, if its product is likely to be thought by the general public to have originated with, or to have been sponsored by, Plaintiffs, thereby creating a likelihood of confusion. *Societe Comptoir De L'Industrie Etc. v. Alexander's Department Stores, Inc.*, 299 F.2d 33 (2d Cir. 1962). The same test of likelihood of confusion is applicable to Plaintiffs' claim for common law trademark infringement. *Weisman v. Kuschewski*, 243 Mich. 223, 219 N.W. 937 (1928). The test also applies to deceptive advertising claims. Plaintiffs' recovery turns upon the determination by this Court as to whether Defendant's use of Here's Johnny Portable Toilets is likely to cause confusion, mistake or deception in the market place.

A number of Courts have determined likelihood of confusion in trademark infringement cases by evaluating a variety of factors, including the type of trademark at issue, similarity of design, similarity of product, identity of selling outlets and purchasers, identity of advertising media utilized, and the alleged offender's intent and actual confusion. *Amstar Corporation v. Domino's Pizza, Inc.*, 615 F.2d 252 (5th Cir. 1980); *General Mills, Inc. v. Henry Regnery Co.*, 421 F.Supp. 359 (N.D.Ill.1976).

The Restatement of Torts, § 729 (1938), lists the following as important factors in determining confusing similarity:

(a) the degree of similarity between the designation and the trademark or trade name in

  (i) appearance;

  (ii) pronunciation of the words used;

  (iii) verbal translation of the picture or designs involved;

  (iv) suggestion;

(b) the intent of the actor in adopting the designation;

(c) the relation in use and manner of marketing between the goods or services marketed by the actor and those marketed by the other;

(d) the degree of care likely to be exercised by purchasers.

■ Trademark rights in names and symbols do not require formal registration. *Ames Publishing Co. v. Walker–Davis Publications, Inc.*, 372 F.Supp. 1 (E.D.Pa.1974); *Interstate Brands Corp. v. Way Baking Co.*, 79 Mich.App. 551, 261 N.W.2d 84 (1977). What is required, however, is a showing that some form of ownership rights has arisen from its prior use in connection with a particular product or service. *Computer Food Stores, Inc. v. Corner Store Franchises, Inc.*, 176 USPQ 535 (TTAB 1973). It is clear that John W. Carson popularized the mark, "Here's Johnny." It is also clear that a substantial segment of the American public associates the mark with the entertainer, Johnny Carson. Therefore, the Court believes that it is conceivable that "Here's Johnny" has trademarkable characteristics. *See Dallas Cowboy Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200 (2d Cir. 1979). However, the Court does not believe that Plaintiffs' use of "Here's Johnny" is so strong and distinctive that its use by others should be foreclosed in the market place. Accordingly, the Court concludes that "Here's Johnny" is not a strong mark and, therefore, it is not entitled to a broad scope of protection which would preclude its use on completely unrelated non–competitive products such as portable toilets, in the absence of a showing of other mitigating factors.

■ The similarity of the marks is determined on the basis of the total effect of the designation, Restatement of Torts, § 729, Comment 7 (1938), and the commercial impression created by the mark as a whole. *Seabrook Foods, Inc. v. Bar–well Foods, Ltd.*, 568 F.2d 1342, 1346 (Cust. & Pat.App. 1979); *Colgate–Palmolive Co. v. Carter–*

*Wallace, Inc.*, 432 F.2d 1400, 1402 (Cust. & Pat.App.1970).

A mark must be viewed in its entirety and in context since it is the over-all impression that counts. *B. H. Bunn Co. v. AAA Replacement Parts Co.*, 451 F.2d 1254 (5th Cir. 1971). Part of this "overall impression" includes the manner in which a particular mark or designation is used. Despite the frequent elongation of the word, "Here's," in Plaintiffs' use of "Here's Johnny," the Court does not believe that a finding of overall similarity of the mark "Here's Johnny" itself is precluded. Considering the words in context, however, the Court believes that there are some differences that would not lead to a finding of overall similarity. Plaintiffs' use of "Here's Johnny" most frequently leads to a picture or appearance of Johnny Carson. The Defendant's use, by contrast, is not accompanied by any likeness of Johnny Carson.

There is no similarity between Plaintiffs' products—men's apparel and entertainment services—and Defendant's product—portable toilets. Dissimilarities between channels of trade and the predominant consumers of the parties' products and services lessen the likelihood of confusion, mistake and deception. *Amstar Corp. v. Domino's Pizza, Inc., supra.* The dissimilarities here are great. Defendant's product is rented and sold primarily to people within the business community, such as industrial contractors and promoters of special events. The products of Plaintiff, Johnny Carson Apparel, Inc., are sold primarily to male consumers, and the entertainment services of principal Plaintiff, John W. Carson, are conveyed to a mass audience by means of the broadcast media. The channels of marketing, as well as the mode and method for the distribution for Plaintiffs' products and Defendant's products, are quite different.

While the ultimate consuming group of each product is not mutually exclusive, the Court believes that the inherent differences in the marketing and distributing channels are sufficient to greatly lessen the likelihood of confusion.

The intent of Defendant in adopting the name Here's Johnny Portable Toilets is an important consideration in determining likelihood of confusion. Bad faith in the adoption and use of a trademark is inferred by efforts of a party to "pass off" its product as that of another. *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 382–83 (5th Cir. 1977). In the instant case, there is no evidence that the Defendant has ever attempted to "pass off" its product as that of either Plaintiff. Instead, the evidence introduced at trial established that Defendant's intent was to employ a trademark that embodies a pun or a humorous play on words.

Earl Braxton's deposition testimony indicated that he thought the use of the mark would be a good play on the phrase, "Here's Johnny." Additionally, the word "commodian," used in Defendant's advertising, was intended to be a play on the word "comedian."

From the foregoing, one can readily infer an intent by Defendant to capitalize upon a phrase which Plaintiff, John W. Carson, popularized and, this, the Defendant is not completely precluded from doing. *See American Footwear Corp. v. General Footwear Co., Ltd.*, 199 USPQ 531 (S.D.N.Y. 1978). An intent to create a play on words is also obvious and this, too, is not precluded. *See General Mills, Inc. v. Henry Regnery Co., supra.* By contrast, an intent to confuse the public into mistakenly purchasing Defendant's product, believing it to be that of the Plaintiffs' cannot readily be inferred from Braxton's admissions and actions. The Court's conclusion as to lack of intent to deceive is supported by the fact that use of the word "john" within the portable toilet trade is customary. Other portable toilet companies also make use of the word "john" in their company names. For example, some of the Michigan—based portable toilet companies carry the names of "Johnny On the Spot," "Porta—John," and "Tote—A—Jon."

In spite of the fact that evidence of *actual* confusion is not necessary to a finding of *likelihood* of confusion, it is, nevertheless,

the best evidence of likelihood of confusion. *Amstar Corp. v. Domino's Pizza, Inc., supra.* The evidence of actual confusion in the instant case is not extensive and, thus, it is not entitled to great weight. Plaintiffs' evidence of specific instances of actual confusion consisted essentially of the deposition testimony of the Plaintiff, John W. Carson, that the producer of "The Tonight Show" and John W. Carson's son made inquiries as to whether he had expanded his business interests into the area of portable toilets. There was also other testimony making reference to inquiries that had been made concerning any connection between Plaintiffs' line of toiletries and the Defendant. As mentioned previously, however, the Court has not considered Plaintiffs' use of "Here's Johnny" with regard to the line of men's toiletries.

In *Amstar Corp. v. Domino's Pizza, Inc., supra*, the Court, in characterizing the evidence which amounted to two verbal inquiries as to whether "Domino Pizza" was related to "Domino Sugar," and one misaddressed letter as only isolated instances of actual confusion, determined the Plaintiff's proofs to be insufficient to sustain a finding of likelihood of confusion. *Armstrong Cork Co. v. World Carpets, Inc.*, 597 F.2d 496, 506 (5th Cir. 1979); *Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 589 F.2d 1225, 1231 (3rd Cir. 1978).

It should also be noted that Plaintiffs have presented no proof that there has been any actual damage to Plaintiffs because of Defendant's use of "Here's Johnny."

In *Girl Scouts of America v. Personality Posters Mfg. Co., Inc.*, 304 F.Supp. 1228 (S.D.N.Y.1969), the Court similarly concluded that there was no likelihood of confusion resulting from the use of trademarks of the "Girl Scouts of America" and the slogan "Be Prepared" which appeared on a poster displaying a pregnant Girl Scout. In discounting Plaintiff's contention that there was a likelihood of confusion, the Court stated:

> Even if we hypothesize that some viewers might at first blush believe that the subject of the poster is actually a pregnant Girl Scout, it is highly doubtful that any such impression would be more than momentary or that any viewer would conclude that the Girl Scouts had printed or distributed the poster.

In *American Footwear Corp. v. General Footwear Co., Ltd., supra*, the Court similarly ruled that there was no likelihood of confusion as to sponsorship. In that case, Universal City Studios, Inc., the producer of the television program, "The Six Million Dollar Man," intervened against the manufacturer of boots which carried the trademark "Bionic." Universal had not registered or applied for registration of "Bionic" as a trademark on any goods prior to the time that the boot manufacturer had selected the mark and applied for its registration. At the time, "The Six Million Dollar Man" was the only registered trademark that was owned by Universal. However, applications for registration were on file for "Bionic Woman" and "The Bionic Woman," in connection with toy dolls and television shows. In deciding that there was no trademark infringement and unfair competition by the boot manufacturer, the Court stated:

> . . . It is fair to say that until Six Million Dollar Man's references to bionic man, bionic boy, bionic dog and bionic woman, that neither bionics nor bionic were well known or widely used words. It is also clear that Universal's TV series "Six Million Dollar Man" gave American the inspiration to adopt Bionic as a trademark, but that fact alone does not make out a case of trademark infringement. It was entirely permissible for American to attempt to capitalize on public receptiveness to a concept, idea or word which Universal has been responsible for creating or popularizing. The only limitation is that the party who takes advantage of the atmosphere the other party has helped create may not achieve a competitive boost by confusing the public into mistakenly purchasing his articles believing it to be that of his competitor. *Phillip Morris Inc. v. R. J. Reynolds Tobacco Co.*, 188 USPQ 289 (S.D.N.Y.1975).

The Court believes that the cases upon which Plaintiffs principally rely are distinguishable from the instant case. For example, contrary to the contention of the Plaintiffs that *Chemical Corp. of America v. Anheuser–Busch*, 306 F.2d 433 (5th Cir. 1962) is supportive of their position, the Court believes otherwise. In that case, Anheuser–Busch, Inc. sued a manufacturer of a floor wax which contained an insecticide for trademark infringement because of its use of an advertisement that was very similar to Plaintiff's advertisement using the slogan, "Where there's life . . . there's Bud."

The Court found, from listening to the tapes and from watching the film strips of the controversial advertisement, that Defendant's use was confusingly similar to Plaintiff's. Some of Defendant's film strips, which followed a very successful advertising format that Plaintiff had previously employed for some years with its popular slogan, displayed drinking glasses being filled, people dancing, and a simultaneous use of the slogan, "Where there's life . . . there's Bugs."

The Court, in its ruling, concluded that Plaintiff had acquired a property interest in the slogan which had been established at great expense, and that the products had been favorably received by the consuming public as a result of its use of this property interest.

The Court further determined that Defendant had made use of a deceptively similar slogan in a manner that was calculated to bring direct financial loss to the Plaintiff by (1) confusing the source of the Defendant's product, and (2) creating an unwholesome association of bugs and a food product.

Similarly, this Court finds *Coca–Cola Co. v. Gemini Rising, Inc.*, 346 F.Supp. 1183 (E.D.N.Y.1972) and *Dallas Cowboy Cheerleaders v. Pussycat Cinema, supra*, both of which were cited by the Plaintiffs, to be equally inapposite to the instant case.

Accordingly, after evaluating the above-mentioned factors which are applicable to the instant case, the Court is of the belief that Defendant's use of the trademark Here's Johnny Portable Toilets does not present a likelihood of confusion, mistake or deception.

Count II of Plaintiff's Complaint alleges that Defendant's use of "Here's Johnny" on portable toilets invades Plaintiffs' right of privacy and right of publicity. *Beaumont v. Brown*, 401 Mich. 80, 257 N.W.2d 522 (1977) establishes the right of privacy in the State of Michigan. Dean Prosser has included four torts in the category of invasion of privacy. Prosser, *Privacy*, 48 Cal.L.Rev. 383, 389 (1960):

> Without any attempt to exact definition, these four torts may be described as follows:
>
> 1. Intrusion upon the Plaintiff's seclusion or solitude, or into his private affairs.
> 2. Public disclosure of embarrassing private facts about the Plaintiff.
> 3. Publicity which places the Plaintiff in a false light in the public eye.
> 4. Appropriation, for the Defendant's advantage, of the Plaintiff's name or likeness.

It is the Plaintiffs' position (1) that it is the fourth category of the right of privacy which is violated by Defendant's use of "Here's Johnny," and (2) that the right of privacy claim not only protects against the taking of a name, but also against the taking of an aspect of identity. Prosser, *Privacy, supra*. However, the Court is not convinced that the fourth category of the right of privacy extends beyond a name or likeness.

Despite the widespread association of the phrase, "Here's Johnny," with John W. Carson, this Court does not believe that "Here's Johnny" can be construed as the name of either Plaintiff. Therefore, finding "Here's Johnny" is not the name of Plaintiff, John W. Carson, or of Plaintiff, Johnny Carson Apparel, Inc., and considering the interests in freedom of expression, this Court concludes that Plaintiffs are not entitled to relief for infringement of privacy.

Appropriation of the right of publicity is a separate and independent tort from invasion of privacy. Although the right of publicity has never been specifically considered by the Michigan Courts, Plaintiffs state that all jurisdictions which recognize the right of privacy and have considered the right of publicity have held that right to exist. *Haelan Laboratories, Inc. v. Topps Chewing Gum, Inc.*, 202 F.2d 866 (2d Cir. 1953); *Ettore v. Philco Television Broadcasting Corp.*, 229 F.2d 481 (3rd Cir. 1956). The right of publicity derives from a celebrity's proprietory interest in his/her public personality and in his/her right to be compensated for the use of aspects of that personality. *Zacchini v. Scripps–Howard Broadcasting Co.*, 433 U.S. 562, 97 S.Ct. 2849, 53 L.Ed.2d 965 (1977); *Uhlaender v. Henricksen*, 316 F.Supp. 1277 (D.Minn. 1970).

Having already narrowly construed the privacy infringement claim which has been asserted by Plaintiffs, the Court does not believe that it would be prudent to allow recovery for a right of publicity claim which does not more specifically identify Johnny Carson. Therefore, this Court determines that the Plaintiffs have failed to demonstrate that their right of publicity has been invaded.

For the reasons stated hereinabove, it is hereby ordered that Plaintiffs are not entitled to the relief sought. It is further ordered that the Complaint which was filed with this Court by the Plaintiffs, shall be, and is, dismissed with prejudice, with costs to be taxed. The foregoing constitutes the Court's Findings of Fact and Conclusions of Law as required by Rule 52, *Fed.R.Civ.P.*

So Ordered.