**LINN CAMERA SHOP INC., a Michigan corporation, Plaintiff and Counter-Defendant,**

v.

**MEIJER, INC., a Michigan corporation, Defendant and Counter-Plaintiff.**

No. G82–716 CA5.

United States District Court, W.D. Michigan, S.D.

Dec. 28, 1982.

McKinnon & McKinnon by Malcolm R. McKinnon and Malcolm L. McKinnon, Lansing, Mich., for plaintiff and counter-defendant.

Price, Heneveld, Huizenga & Cooper by William W. DeWitt and Donald S. Gardner, Grand Rapids, Mich., for defendant and counter-plaintiff.

## OPINION RE: MOTION FOR PRELIMINARY INJUNCTION

HILLMAN, District Judge.

This is a civil action brought by plaintiff Linn Camera Shop in which plaintiff seeks a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, 2202. Specifically, plaintiff seeks a declaration from this court that plaintiff's past and continued use of the phrase, "NEXT DAY OR FREE," in connection with its film processing business does not amount to service mark infringement or unfair competition under the trademark laws of the United States or the laws of the State of Michigan. Jurisdiction over the instant action is predicated upon the Trademark Act of 1946, as amended, 60 Stat. 427, 15 U.S.C. §§ 1121, 1125(a) as well as 28 U.S.C. § 1338.

Currently before the court is defendant Meijer, Inc.'s motion for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. Defendant Meijer seeks preliminary injunction enjoining plaintiff Linn Camera from offering photographic services in connection with the phrase, "NEXT DAY OR FREE." This motion is based upon defendant Meijer's counterclaims filed in response to Linn Camera's complaint for a declaratory judgment. For the reasons that follow, defendant's motion for a preliminary injunction is denied.

## STATEMENT OF THE CASE

Plaintiff, Linn Camera Shop, Inc., is a corporation organized and existing under the laws of the State of Michigan having its principal place of business in Lansing, Michigan. Plaintiff is engaged in the business of film developing, processing, printing, and photo finishing. Linn Camera advertises its services on radio and television commercials, in newspapers, and on billboards located adjacent to interstate highways.

In advertising its services, plaintiff uses the service mark, "LINPRINTS," in conjunction with the phrase "NEXT DAY OR FREE." Plaintiff has used this phrase to promote its rapid film processing business in which plaintiff promises its customers that Linn Camera Shop will complete its film processing service within 24 hours or the prints are provided to the customer at no cost.

Defendant Meijer, Inc., is a corporation organized and existing under the laws of Michigan. Since 1934, Meijer, Inc., has been engaged in the distribution and sale of a wide variety of goods ranging from groceries to building materials. In conjunction with its operation, Meijer offers a variety of services ranging from beauty salons to automobile service stations.

Since 1970, Meijer has offered retail film processing services through outlets in its various stores in the State of Michigan. In more recent years, Meijer has offered film processing services in the States of Ohio and Kentucky.

The actual film processing and development has been done for Meijer by various service companies including Guardian Photo

Division, Guardian Industries Corporation of Northville, Michigan, and Fox Photo, Inc. of San Antonio, Texas. These companies provide film processing services for Meijer in different geographical areas.

In 1980, Meijer and Guardian Photo Division of Guardian Industries jointly engaged in a rapid film development program for Meijer customers. The program was designed to ensure Meijer customers that Meijer would provide customers with developed film within a predetermined period of time or the customer would be provided with prints at no cost. Meijer has extensively advertised and promoted its rapid film development service using the phrase, "NEXT DAY OR FREE."

In its printed advertising, Meijer uses the phrase, "NEXT DAY OR FREE," in association with a rainbow design. Meijer's name or its logo, a stylized "M," is placed in close proximity to the phrase, "NEXT DAY OR FREE."

Guardian Photo uses "NEXT DAY OR FREE" concurrently with Meijer in states other than Michigan, Ohio and Kentucky. Guardian has attempted to register the phrase, "NEXT DAY OR FREE," as a service mark with the Patent and Trademark Office of the United States Department of Commerce. Such registration has been refused by the Patent and Trademark Office on the grounds that the phrase, when applied to film processing, is merely descriptive and, therefore, not entitled to trademark protection. This refusal is currently being appealed.

In June of 1982, Meijer filed an application with the Michigan Department of State to register the phrase, "NEXT DAY OR FREE," as a service mark of Meijer, Inc. In August of 1982, the Secretary of State for the State of Michigan certified that Meijer had registered the Service Mark, "NEXT DAY OR FREE" with the Michigan Department of State. By September 1, 1982, Meijer had also registered the phrase, "NEXT DAY OR FREE," in the States of Ohio and Kentucky.

In June of 1982, Meijer, Inc., wrote Linn Camera Shop advising Linn that Linn's use of "NEXT DAY OR FREE" constituted trademark infringement and unfair competition. As alleged by plaintiff, Meijer threatened to take legal action against Linn Camera if Linn Camera did not cease using "NEXT DAY OR FREE."

On September 16, 1982, Linn Camera filed the instant action for a Declaratory Judgment that Linn Camera has not infringed upon any rights of Meijer in using the phrase, "NEXT DAY OR FREE." Linn Camera's complaint also sought a decree from this court declaring any registration of the phrase to be invalid.

On October 7, 1982, defendant Meijer filed its answer and counterclaims to plaintiff's complaint. Defendant's counterclaims are four-fold. First, that Linn Camera's use of "NEXT DAY OR FREE" in connection with film developing services constitutes false designation of origin in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Second, that plaintiff's conduct constitutes an infringement of Meijer's Michigan Service Mark in violation of the Michigan Trademark Act, M.C.L.A. § 429.31, et seq. Third, that Linn Camera's conduct constitutes the common law tort of unfair competition. Fourth, that Linn Camera's actions constitute a deceptive commercial practice in violation of section 3 of the Michigan Consumer Protection Act. M.C.L.A. § 445.901, et seq.

On December 8, 1982, defendant Meijer moved, on the basis of its counterclaims, for a preliminary injunction against plaintiff Linn Camera. Defendant Meijer's motion seeks an order from the court restraining Linn Camera from using the purported service mark, "NEXT DAY OR FREE," in connection with any of plaintiff's photo processing services. Furthermore, defendant requested the court to expedite and decide defendant's motion before January 1, 1983, in light of the fact that the pending holiday season is one of the busiest seasons in the film processing business.

On December 20, 1982, a hearing, at which all parties were represented, was held before the court. At the hearing, de-

fendant Meijer stressed that the primary issue before the court is whether Linn Camera's use of the phrase, "NEXT DAY OR FREE," constituted a false designation of origin in violation of 15 U.S.C. § 1125. Meijer contended that since the general public associates the phrase, "NEXT DAY OR FREE," with Meijer's services, plaintiff's use of the phrase creates a likelihood of confusion as to the origin of the film development services and, therefore, constitutes unfair competition.

In support of its contention, Meijer has submitted a number of affidavits of Meijer employees. These affidavits generally state that a number of Meijer customers have told Meijer employees that they associate "NEXT DAY OR FREE" with Meijer. Furthermore, these affidavits state that a number of customers have specifically asked Meijer employees whether or not Meijer offers "Linprints," plaintiff's service mark, at Meijer stores. Additionally, the affidavits state that on a number of occasions, Meijer customers have requested that their developed prints be delivered to them in clear plastic boxes rather than in paper envelopes. This service, defendant alleges, is associated with Linn Camera Shop and is promoted by plaintiff in its advertisements using "NEXT DAY OR FREE."

Defendant contends that the affidavits along with the registration in three states, of the phrase and defendant's extensive advertising establish the strength of defendant's purported service mark and show that the public will likely be confused by Linn's continued use of "NEXT DAY OR FREE."

In opposing defendant's contentions, plaintiff Linn Camera submitted numerous advertisements from various businesses engaged in rapid film processing. These advertisements all promote film services using phrases such as "24 hours or FREE," "ONE DAY OR NO PAY," "Back Next DAY or FREE." Furthermore, plaintiff has submitted advertisements used by an Ohio film development company which has used the phrase, "NEXT DAY OR FREE," since 1980. Additionally, plaintiff has supplied the court with advertisements used by a nationally recognized chain store which has used the phrase, "NEXT DAY OR FREE," in the Michigan area.

Plaintiff has contended that the proliferation of rapid film development businesses and their use of slogans similar to the phrase used by the parties in the instant case show that there is little likelihood of confusing the general public as to the origin of "NEXT DAY OR FREE" services. Linn contends that since so many businesses use similar slogans, the public simply views these slogans as describing film services. Plaintiff also contends that the wide use of slogans promoting rapid film development also shows that the public could not identify "NEXT DAY OR FREE" with any one business such as Meijer. Consequently, plaintiff asserts that there is no confusion as to the origin of next day services because the public does not associate the phrase as designating the source of any product.

At the hearing on defendant's motion, plaintiff conceded that Linn Camera obtained the idea to use "NEXT DAY OR FREE" from Meijer advertisements. Nevertheless, plaintiff contends that Meijer is not entitled to any trademark protection because the phrase in question is merely descriptive. Plaintiff finds support for this contention in the United States Patent and Trademark Office's finding that "NEXT DAY OR FREE" is merely descriptive when used in conjunction with rapid film development services.

Finally, plaintiff contended at the hearing that defendant's motion for a preliminary injunction should be denied since Meijer will suffer no irreparable injury in the absence of a restraining order. Plaintiff Linn Camera has contended that no immediate and irreparable injury will befall Meijer because both parties suspend their next day film service during the Christmas holidays.

## DEFENDANT'S MOTION

Both parties to the present action agree that plaintiff's use of "NEXT DAY OR FREE" would constitute a false designation of origin and unfair competition in violation

of 15 U.S.C. § 1125, if the phrase is likely to be thought by the general public to have originated with, or to have been sponsored by, Meijer, thereby creating a likelihood of confusion. *See, Societe Comptoir De L' Industrie v. Alexander's Department Stores, Inc.,* 299 F.2d 33 (2d Cir.1962). The parties also agree that the issue of confusion regarding the public's perception of the origin of "NEXT DAY OR FREE" is a determining factor as to the propriety of issuing an injunction in the present case. The same test of likelihood of confusion governs Meijer's counterclaims based on state law. *See, Carson v. Here's Johnny Portable Toilets,* 498 F.Supp. 71 (E.D.Mich.1980); *Weisman v. Kuschewski,* 243 Mich. 223, 219 N.W. 937 (1928).

The legal standard governing the issuance of a preliminary injunction in trademark actions is clear. The movant must show (A) irreparable harm, and (B) either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly toward the moving party. *Frisch's Restaurants, Inc. v. Elby's Big Boy,* 670 F.2d 642 (6th Cir.1982).

Since the critical issue in the present case surrounds the likelihood of the public confusing the origin of "NEXT DAY OR FREE," Meijer's likelihood of success on the merits is dependent upon Meijer demonstrating that there is a likelihood of confusion among consumers regarding the expression in question. The Court of Appeals for the Sixth Circuit has instructed that eight factors be considered to determine whether there is a likelihood of confusion among consumers. Those factors as applied in the present case are as follows:

"(1) strength of [Meijer's] mark;

(2) relatedness of the goods;

(3) similarity of the marks;

(4) evidence of actual confusion;

(5) marketing channels used;

(6) likely degree of purchaser care;

(7) [Linn's] intent in selecting the mark;

(8) likelihood of expansion of the product lines."

*Frisch's, supra* at 648 (citation omitted).

In the present case, the parties agree that the goods are related, the purported marks are virtually identical, and that the marketing channels used by the parties are the same. Furthermore, plaintiff Linn Camera has conceded that it began using "NEXT DAY OR FREE" after learning of Meijer's marketing program. Additionally, neither party has submitted any evidence of the likelihood of expansion of the product line. Therefore, this court need only evaluate the remaining factors listed in *Frisch's, supra,* to determine the likelihood of confusion in the present case.

### STRENGTH OF MEIJER'S MARK

■ A service mark is a word or combination of words used by a source of services to identify itself to the public as the source of its services and to create, in the public mind, an awareness of the uniqueness of the source and of its services. 15 U.S.C. § 1127; *Union Carbide Corp. v. Ever-Ready Inc.,* 531 F.2d 366 (7th Cir.), *cert. denied* 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976). The purpose of establishing a service mark is "to separate those goods or services from others in the public consciousness, to identify them as the product of a single source, and to represent them in the public mind." *M.B.H. Enterprises Inc. v. WOKY, Inc.,* 633 F.2d 50, 54 (7th Cir.1980).

■ The protection afforded to a purported service mark depends on the "strength" or "weakness" of the mark. *See, Stork Restaurant v. Sahati,* 166 F.2d 348 (9th Cir.1948). A strong mark is one which is used only in a fictitious or arbitrary and fanciful manner; whereas, a weak mark is one which is merely descriptive of how a product functions or what its desirable aspects are. *Majestic Mfg. Co. v. Majestic Electric Appliance Co., Inc.,* 172 F.2d 862 (6th Cir.1949). Because a strong mark is more likely to be identified by the public with a particular source of a product, a strong mark is entitled to trademark protection while a weak mark is not generally

afforded protection. *2 Gilson Trademark Protection and Practice* § 2.03 (1974); *New West Corp. v. N.Y.M. Co. of California,* 595 F.2d 1194 (9th Cir.1979). Since a strong mark is unique and consequently identifies the source of a product, the use of a strong mark by one who did not establish the mark may result in confusing the public as to the source or origin of a given product. Therefore, the use of a strong mark by a business who did not originate the mark will, more likely, cause confusion in the mind of the public and amount to unfair competition.

In the present case, I find the phrase, "NEXT DAY OR FREE" to have the characteristics of a weak trademark. A weak or descriptive mark is one which informs the public of the characteristics of the product or service or conveys information about a service. *2 Gilson Trademark Protection and Practice* § 2.03 (1974); *see, William R. Warner & Co. v. Eli Lilly & Co.,* 265 U.S. 526, 44 S.Ct. 615, 68 L.Ed. 1161 (1924). Whether an expression is descriptive depends on its meaning to the public in relation to a particular service or product. *Homemakers Home & Health Care Service, Inc. v. Chicago Home for the Friendless,* 484 F.2d 625 (7th Cir.1973); *Penn Yan Boats v. Sea Lark Boats, Inc.,* 359 F.Supp. 948 (S.D.Fla.1972).

In determining whether a particular service mark is weak, courts have given deference to administrative findings regarding the registrability of a given mark. *See, Stix Products, Inc. v. United Merchants, Inc.,* 295 F.Supp. 479 (S.D.N.Y.1968). Furthermore, the United States' Patent and Trademarks Office's rejection of an application constitutes evidence that a purported mark is descriptive and that its use is not likely to cause confusion. *Council of Better Business Bureaus, Inc. v. Better Business Bureau of South Florida Inc.,* 200 U.S.P.Q. 282 (S.D.Fla.1978); *Carling Brewing Co. v. Phillip Morris, Inc.,* 277 F.Supp. 326 (N.D. Ga.1967).

In the present case, the United States Office of Patents and Trademarks has made specific findings that the expression "NEXT DAY OR FREE" is merely descriptive when applied to film developing services. Notwithstanding the fact that the Trademark Office's finding is on appeal, I find the Trademark Office's determination to be worthy of deference in the instant case. Furthermore, considering the proliferation of similar expressions in the rapid film development business, I find, at this stage of the proceedings, the phrase, "NEXT DAY OR FREE," to be a weak mark that describes the characteristics of Meijer's service rather than the source of the service. *See, In re Quick Print Copy Shop, Inc.,* 203 U.S.P.Q. 624 (TMT AB 1979); *see, Ralston Purina Co. v. Thomas J. Lipton, Inc.,* 341 F.Supp. 129 (S.D.N.Y. 1972). On its face, the phrase, "NEXT DAY OR FREE," when used in connection with rapid film development, appears to merely describe a characteristic of Meijer's film developing service; that characteristic being that Meijer will process a customer's film in one day or the customer will receive the developed prints at no cost. As such, the expression in question is a weak mark.

Meijer has strenuously contended that this court should rely on the fact that Meijer has properly registered the expression in three states in determining the strength of the mark. Particularly, defendant Meijer has stressed that this court should give deference to the Meijer's registration of "NEXT DAY OR FREE" with the Michigan Secretary of State pursuant to M.C. L.A. § 429.34. I disagree.

Although the findings and expertise of administrative agencies are entitled to judicial deference, *Stix Products, supra,* the court has been provided with no state administrative findings or opinions concerning the expression in question. Indeed, the Certificate of Registration, signed by the Michigan Secretary of State, merely certifies the fact that defendant Meijer registered "NEXT DAY OR FREE" with the Michigan Department of State. Consequently, the court has not been provided with any administrative findings to which judicial deference should be given.

This court's finding regarding the strength of defendant's purported service

mark is not intended to intimate any opinion as to the expertise of state agencies or to express any opinion as to a final determination of the merits of the instant case. Rather, based on the evidence thus far presented to the court, I find the phrase, "NEXT DAY OR FREE," to be a weak mark.

### a. *Secondary Meaning.*

Defendant Meijer has contended that even if its purported service mark is held to be as descriptive, Meijer is entitled to trademark protection because the phrase in question has attained a "secondary meaning." That is, that through Meijer's extensive use and advertising of the descriptive expression, the public has come to regard "NEXT DAY OR FREE" as identifying Meijer as the source of rapid film developing services. *See, Union Carbide Corp., supra.* In support of its contention, Meijer has submitted data which show Meijer's extensive and broad advertising of the "NEXT DAY OR FREE" program. Particularly, Meijer contends that its high volume of sales and advertising establishes the secondary meaning of "NEXT DAY OR FREE."

■ The critical factor in determining whether or not a secondary meaning has attached to a descriptive expression is whether or not the public has come to regard a product as "a single thing coming from a single source." *Aloe Creme Laboratories Inc. v. Milsan Inc.,* 423 F.2d 845 (5th Cir.), *cert. denied* 398 U.S. 929, 90 S.Ct. 1820, 26 L.Ed.2d 91 (1970). A number of factors may be relevant in determining secondary meaning. Sales and advertising volumes, direct consumer testimony, length, and exclusive use of a given express are all indicative of secondary meaning. *See, 2 Gilson, Trademark Protection and Practice* § 2.09(1) (1974).

■ As a preliminary matter, I note that the burden of proving a secondary meaning is a heavy one. *See, American Rolex Watch Corp. v. Ricoh Time Corp.,* 178 U.S.P.Q. 49 (S.D.N.Y.1973). Furthermore, although substantial sales and advertising may be relevant to the issue of secondary

meaning, such evidence often only measures a business' attempt to create a secondary meaning and does not measure the success of such attempts. *See, Ralston Purina, supra.*

■ In the present case, unquestionably Meijer has expended considerable resources in promoting its rapid film developing program. However, the court has been provided with only a few self-serving affidavits from Meijer employees, attesting to the success of establishing, in the public mind, that the expression in question identifies a single service stemming from a single source. Furthermore, the evidence before the court shows that the instant expression has not been used for a lengthy time or in an exclusive manner by Meijer. Consequently, on the evidence before me, I find that Meijer has not established its burden of showing secondary meaning in the instant case.

### EVIDENCE OF ACTUAL CONFUSION

Meijer has contended that a number of consumers have been actually confused as to the origin of "NEXT DAY OR FREE" services. In support of its contention, Meijer has submitted affidavits of Meijer employees which state that numerous customers have associated Linn Camera services with Meijer services.

Although evidence of actual confusion may be the best evidence of the likelihood of confusion, *Frisch's, supra,* courts have been reluctant to blindly accept confusion evidence based upon "perusal of affidavits." *National Color Labs v. Philip's Foto Co.,* 273 F.Supp. 1002 (1967). This is particularly the case where the evidence originates from a small number of people or where evidence stems from persons associated with the owner of the purported service mark. *Zippo Mfg. v. Rogers Imports,* 216 F.Supp. 670 (S.D.N.Y.1963); *Sunrise Home Juices, Inc. v. Coca-Cola Co.,* 220 F.Supp. 558 (S.D.N.Y. 1963).

■ In the present case, the evidence submitted by Meijer stems from employees of Meijer. Regardless of the relevance or admissibility of these statements, the affi-

davits consist of purported statements made by relatively few consumers. Furthermore, it appears questionable to the court that consumers who, as Meijer alleges, identify Meijer as the source of "NEXT DAY OR FREE" would be so confused that in taking film to Linn Camera Shop they would think they were taking film to Meijer's department store. Nevertheless, regardless of the weight of the confusion evidence submitted by Meijer, the affidavits establish some likelihood of confusion surrounding the use of "NEXT DAY OR FREE."

## PURCHASER CARE

Meijer contends that in rapid film development business there is a low degree of purchaser care. Meijer contends that because film development is inexpensive, consumers are likely to indulge in "impulse buying." Thus, Meijer contends, consumers do not exercise a great deal of care in choosing a rapid developing service. Consequently, Meijer alleges this establishes a likelihood of confusion. *See, Frisch's, supra.*

At the preliminary injunction hearing, Linn Camera contended that there is in fact a high degree of purchaser care in choosing rapid development services. Linn Camera contended that quality of prints and types of development paper are important factors customers consider in choosing a particular service. Furthermore, Linn Camera contended that the clear plastic boxes Linn uses in returning finished prints to customers is a major reason customers use Linn services. Indeed, the affidavits submitted by Meijer state that on a number of occasions Meijer customers have requested that Meijer return their finished prints in plastic boxes rather than in paper envelopes. This shows some evidence of purchaser care. In light of the evidence submitted to the court, I am unable to find that there is a low degree of purchaser care. Indeed, available evidence shows that customers exercise some care and give some thought in choosing a development service.

## IRREPARABLE INJURY

For a party to be entitled to a preliminary injunction, the movant must establish that it will be irreparably harmed in the absence of an injunction. *Frisch's, supra.* Meijer contends that because of the confusion created by Linn's use of "NEXT DAY OR FREE," Meijer will be unable to control its reputation or protect its substantial investment it has made in promoting "NEXT DAY OR FREE." Meijer alleges that in such cases, a finding of likelihood of confusion is in itself a finding of irreparable injury. *See, Hills Bros. Coffee v. Hills Supermarkets, Inc.,* 428 F.2d 379 (2d Cir.1970).

Based on this court's findings that the expression in question is a weak mark, that evidence of actual confusion is equivocal, and that there is some degree of purchaser care, I am unable to find that there is a likelihood of confusion in the use of the instant expression. Consequently, irreparable injury in the present case cannot be based solely on a likelihood of confusion. Additionally, preliminary injunctions are ordinarily issued in actions requiring urgent court action. In light of the fact that both parties suspend "NEXT DAY OR FREE" services during the Christmas holidays, I find that potential consequences facing Meijer are not so immediately injurious so as to preclude Meijer from adequately recovering for its losses by obtaining damages if Meijer ultimately prevails on the merits. *See, Charlies Girls, Inc. v. Revlon, Inc.,* 483 F.2d 953 (2d Cir.1973).

Even if this court were to find that the injuries to be sustained by Meijer are irreparable, this court's finding that Meijer has not sustained its burden of showing a likelihood of confusion precludes the issuance of an injunction unless the court is satisfied that there are serious questions going to the merits of the case and further that a balance of hardships tips decidedly in Meijer's favor. *Frisch's, supra* at 651.

The instant case clearly presents serious questions going to the merits of the case. However, I find that a balance of hardship does not decidedly favor Meijer. Both par-

ties concede that the Christmas holiday season is one of the busiest seasons in the film development business. Any order from this court preventing either party from carrying out its promotion of its business would impact both parties greatly. Indeed, since Linn Camera is only involved in photographic services, I find that a balance of the hardships more probably favors plaintiff, Linn Camera. Indeed, it appears to the court that an injunction issued at this time could itself create irreparable injury in that such order could preclude a party from carrying out its business during a vital business season.

## CONCLUSION

In conclusion, I find that the evidence thus far presented to the court establishes that the phrase, "NEXT DAY OR FREE," is a weak service mark; that defendant's evidence of actual confusion is equivocal; and that defendant has failed to establish that there is a low degree of purchaser care. Therefore, defendant has not met its burden of showing a likelihood of confusion surrounding plaintiff Linn Camera Shop's use of the phrase, "NEXT DAY OR FREE." Furthermore, I find that defendant Meijer has failed to establish irreparable harm as required for the issuance of a preliminary injunction. Additionally, I find that although the instant case presents serious questions going to the merits of the case, a balancing of the hardships does not decidedly favor defendant Meijer. Under these circumstances, the issuance of a preliminary injunction is improper. Therefore, defendant Meijer's motion for a preliminary injunction is denied.