UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas R. HOCHSCHILD,
Defendant–Appellant.

No. 91–4204.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 10, 1992.

Decided Aug. 25, 1992.*

---

* This decision was originally issued as an "un-   published decision" filed on August 25, 1992.

A. Siegel, Carolyn B. McCollum (argued), N.L.R.B., Office of the Gen. Counsel, Washington, D.C., Christian H. Stickan, Asst. U.S. Atty., Patrick J. Foley, Office of the U.S. Atty., Mark F. Neubecker, Field Atty., William M. Kohner, N.L.R.B., Cleveland, Ohio, for U.S.

Richard G. Lillie (argued and briefed), Corso, Lillie & Kelly, Geoffrey Schumer, Cleveland, Ohio, for defendant-appellant.

Before: MILBURN and GUY, Circuit Judges; and COOK, Chief District Judge.[**]

MILBURN, Circuit Judge.

Defendant Thomas R. Hochschild appeals his conviction for criminal contempt in violation of 18 U.S.C. § 401(3). After a bench trial before District Judge David Dowd, he was convicted of failing to carry out certain court orders contained in a preliminary injunction and was sentenced to 120 days imprisonment. On appeal, defendant argues (1) that he was not a named party to the civil action in which the preliminary injunction was issued and thus was not bound to obey it, and (2) therefore the United States failed to prove a knowing and willful violation of the injunction in question. For the reasons that follow, we affirm.

I.

On March 15, 1990, the National Labor Relations Board ("Board") filed a petition in the United States District Court for the Northern District of Ohio seeking injunctive relief under Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j), against alleged unfair labor practices committed by the Crystal Window Cleaning Company, Inc. ("Crystal"). The Board's petition sought an injunction to preserve the status quo until the Board could adjudicate the claims of unfair labor practices

Ellen A. Farrell, Dep. Asso. Gen. Counsel, Corinna L. Metcalf (briefed), Richard

On October 6, 1992, the court designated the opinion as one recommended for full-text publication.

[**] Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation.

before it, but the petition named only Crystal as respondent in the action. Defendant Thomas Hochschild was not a named party, although it is undisputed that at all times material to this litigation he was the president of Crystal.

On May 4, 1990, District Judge Alice M. Batchelder entered an opinion and order finding, among other things, that defendant Hochschild was the president of Crystal and granting a temporary injunction against Crystal. The injunction prohibited Crystal from engaging in certain anti-union behavior. It also affirmatively required Crystal to offer nine laid-off or discharged employees interim reinstatement to their former positions; to acknowledge and comply with all the terms of the collective bargaining agreement; to recognize and bargain in good faith with the union; to post copies of the district court's opinion and order at Crystal's Cleveland, Ohio, facilities; to maintain the posting during the pendency of the Board proceedings; to send copies of the court's opinion and order to all employees entitled to offers of reinstatement; and to file and serve on the Board an affidavit of compliance within ten days from the entry of the district court's order.

After several months of alleged noncompliance by Crystal, the Board filed a motion to adjudge both Crystal and defendant Hochschild in civil contempt of court for their failure to carry out the orders of the district court as set forth in the injunction. Following a hearing on October 22, 1990, Judge Batchelder issued a memorandum of opinion on October 30, 1990, in which she made the following determinations:

1. Hochschild, who was not an attorney but had represented Crystal Window in all proceedings to date, had failed to heed the court's advice to secure counsel to represent Crystal Window. Hochschild was prohibited from any further representation of Crystal Window.

2. The motion for a holding of civil contempt named both Hochschild, individually, as well as Crystal Window. As such, Hochschild could cross-examine witnesses and call witnesses on his own behalf. He declined to do either.

3. Hochschild was properly before the court in his capacity as president of Crystal Window but not in his individual capacity. The May 4th order did not enjoin Hochschild personally.

4. Crystal Window was directed to purge itself of the contempt.

5. Hochschild, as president of Crystal Corporation, was obligated to comply with the order on behalf of the corporation. However, Hochschild, personally, had never been made a party in either his corporate or individual capacity.

In the accompanying order entered the next day, Crystal Window was given until November 10, 1990, to comply with specific commands of the court or be subject to the imposition of fines. One of the terms read, "Respondent, by its President, Thomas Hochschild, shall file a sworn declaration with Petitioner of the steps taken to effectuate compliance with this order." J.A. 175.

On November 6, 1990, the Board issued its final order in the unfair labor practices action against Crystal. Thereafter, on August 28, 1991, the district court dismissed the case on the grounds that it lost jurisdiction once the Board acted.[1]

On July 31, 1991, the Board filed a "Request for Institution of, Adjudication in and Punishment for Criminal Contempt" in the United States District Court for the Northern District of Ohio. District Judge David O. Dowd, Jr. issued an order appointing attorneys from the Board and the United States Attorney's Office to prosecute the case, and, accordingly, on September 19, 1991, the United States Attorney filed an information and bill of particulars charging that, from May 4, 1990 (date of injunction),

1. The Board's order of November 6, 1990, was enforced by this court in *NLRB v. Crystal Window Cleaning Co., Inc.,* 944 F.2d 905 (6th Cir. 1991). In papers now before this court, it is

alleged that Crystal failed to comply with this court's enforcement order. The matter was referred to a special master on July 7, 1992, and the court now awaits his report.

to November 6, 1990 (date of NLRB unfair labor practice order), Crystal and defendant Hochschild failed and refused to comply with the provisions of the district court's May 4, 1990, preliminary injunction. A bench trial was held before Judge Dowd on October 9, 1991, at which defendant Hochschild again represented both himself and Crystal. Judge Dowd found each defendant guilty, sentencing Crystal to pay a fine of $5,000 and Hochschild to 120 days imprisonment. This timely appeal followed.

## II.

### A.

■ Defendant Hochschild first argues that he cannot be guilty of violating 18 U.S.C. § 401(3) because the May 4, 1990, injunction was aimed only at Crystal as a corporation and did not name, and therefore did not apply to, him individually.[2] The question of whether the district court's temporary injunction applied to defendant appears to be a mixed question of law and fact reviewable de novo. *Pullman Standard v. Swint,* 456 U.S. 273, 287–88, 102 S.Ct. 1781, 1789–90, 72 L.Ed.2d 66 (1982); *Cordrey v. Euckert,* 917 F.2d 1460, 1465 (6th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991). Although this appeal is from a conviction in a criminal case, its resolution depends primarily on this court's determination of whether defendant was bound by the terms of the May 4, 1990, injunction.

As a matter of law, injunctions are binding on a party's officers if they receive actual notice of the injunction. Federal Rule of Civil Procedure 65(d) provides in pertinent part:

**(d) Form and Scope of Injunction or Restraining Order.** Every order granting an injunction and every restraining order ... is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

This court has held that "it is a basic equity principle that 'whenever an injunction, whatever its nature may be, is directed to a corporation, it also runs against the corporation's officers,' in their corporate capacities. 10 W. Fletcher, Private Corporations § 4875 (1970 ed.)." *Securities and Exchange Commission v. Coffey,* 493 F.2d 1304, 1310 (6th Cir.1974), *cert. denied,* 420 U.S. 908, 95 S.Ct. 826, 42 L.Ed.2d 837 (1975). *Accord Donovan v. Trinity Indus., Inc.,* 824 F.2d 634, 638 (8th Cir.1987) (holding corporate managers in civil contempt for refusing to honor administrative search warrants); *NLRB v. Maine Caterers, Inc.,* 732 F.2d 689, 691 (1st Cir.1984) ("It is well established ... that an officer, responsible for the corporation's affairs and for its disobedience, may be held liable for contempt."); *NLRB v. Sequoia Dist. Council of Carpenters,* 568 F.2d 628, 634 (9th Cir.1977) ("A command to a corporation is in effect a command to those who are officially responsible for the conduct of its affairs."); *Backo v. Local 281, United Bhd. of Carpenters and Joiners,* 438 F.2d 176, 180 (2d Cir.1970) (union agents on notice of the contents of a restraining order properly held in contempt although they were not named parties to the underlying action), *cert. denied,* 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 99 (1971). Defendant cites no authority to the contrary.

The district court's injunction addressed itself to "respondent," and the style of the case showed Crystal Window Cleaning Company, Inc., as the sole respondent. For this reason, and despite the operation of Fed.R.Civ.P. 65(d), defendant argues that he was not bound by the terms of the injunction. He attempts to reinforce this argument with references to Judge Batchelder's memorandum of opinion entered on October 30, 1990, in which the court found that defendant, "in his individual ca-

---

**2.** 18 U.S.C. § 401(3) provides in pertinent part: "A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as— ... (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

pacity, [was] not properly before the Court as a Respondent, either for purposes of the Petitioner's Motion to Adjudge Respondents in Civil Contempt or for any other purpose." J.A. 169. The court went on to state that its "May 4th Order did not enjoin Mr. Hochschild personally and further, the record contains no indication that Mr. Hochschild has ever been joined as an individual in this action." J.A. 170. The court concluded: "Mr. Hochschild has never been made a party to these proceedings, either in his corporate or his individual capacity. Until such time as Mr. Hochschild himself, in either or both capacities, is properly before this Court, the Court will not issue such a writ." J.A. 172.

From these portions of Judge Batchelder's memorandum, it is clear that the district court was concerned about holding in contempt one who had not been named a party to the underlying civil action. The court's repeated assertions that defendant was not "properly before the court" indicate that the court was thus concerned with personal jurisdiction over the defendant.

While some cases have suggested that personal jurisdiction over a nonparty for purposes of adjudicating his contempt can be obtained only by service of process "of the type initially required to obtain jurisdiction over a party," *I.A.M. National Pension Fund v. Wakefield Industries, Inc.,* 699 F.2d 1254, 1260 (D.C.Cir.1983) (service of contempt motion by mail on nonparty insufficient), courts more often have held that officers or employees of corporate and business entities are subject to in personam jurisdiction for purposes of contempt if they have notice of the injunction and its contents. In *Backo v. Local 281, United Bhd. of Carpenters & Joiners,* 438 F.2d 176, 180 (2d Cir.1970), *cert. denied,* 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 99 (1971), the Second Circuit held that a district court, which issued a temporary restraining order naming only the union, had personal jurisdiction over the officers and agents of the union who had knowledge of the order.

Although the form of the order, naming only the Union "et al." may have left others in doubt as to whether they were parties in the civil action which had just been commenced, it is unnecessary to decide whether this caption precludes a finding that jurisdiction was obtained over one or more of the individual defendants, since they are responsible in any event, as agents of defendant Union who were on notice as to the contents of the order. As Judge Learned Hand said in *Alemite Mfg. Corporation v. Staff,* 42 F.2d 832 (2d Cir.1930):

> "* * * a person who knowingly assists a defendant in violating an injunction subjects himself to civil as well as criminal proceedings for contempt. This is well settled law."

Similarly, in *NLRB v. Sequoia Dist. Council of Carpenters,* 568 F.2d 628, 633–34 (9th Cir.1977), the court rejected arguments by union officers that service on the union's attorney of a Ninth Circuit mandate enforcing an NLRB order could not operate to subject the officers to the jurisdiction of the court for the purposes of a later contempt action. Citing Fed.R.Civ.P. 65(d) and the concession by the union officers that they knew the order in question had issued, the Ninth Circuit held that "[i]t can hardly be argued that the principal officers of a labor union are not legally identified with it, and thus liable in contempt for disobeying an order directed to the union." *Id.* at 633.

Whether or not the district court had personal jurisdiction over defendant Hochschild in its civil contempt proceedings, Judge Batchelder left no doubt that, in her opinion, defendant was bound by the injunction she issued because of his relationship to the corporation. In her October 30, 1990, memorandum of opinion, she stated: "First, this Court specifically finds that Thomas Hochschild, as President of Respondent corporation is properly subject to the May 4, 1990, Opinion and Order as well as the instant Order in that capacity...." J.A. 169. Thus, Judge Batchelder's October 30, 1990, memorandum of opinion makes it clear that defendant, as president of Crystal, was, and had been, bound by the injunction and that he was not person-

ally held in civil contempt *only* because the court had doubts about its personal jurisdiction over him.

### B.

■ In this appeal, defendant makes several specious arguments in his disjointed brief, a fair summary of which is found in the following language: "Finding Appellant in Criminal contempt of the May 4, 1990 Order has the effect of reversing the discretionary decision of Judge Batchelder that Appellant was not a party to her May 4, 1990 order and thus could not be found in contempt of it." Brief of Appellant at 18. Whether the district court ever had personal jurisdiction over defendant for purposes of a civil contempt proceeding is of no moment in the subsequent criminal contempt prosecution because if he knew of the injunction, it was binding upon him.

When the United States Attorney filed his information charging defendant with criminal contempt, a wholly new proceeding was commenced. Defendant appeared in that action, which he defended pro se, and subjected himself to the jurisdiction of the court. Thus, there is no question that defendant was properly before the district court when Judge Dowd found him guilty of criminal contempt. Although defendant attempts to invest the prior civil contempt proceeding with some sort of res judicata effect, it is clear that criminal contempt proceedings are different matters in which different interests are to be vindicated. "[C]riminal contempt proceedings arising out of civil litigation 'are between the public and the defendant, and are not a part of the original cause.'" *Young v. United States ex rel. Vuitton, et Fils S.A.*, 481 U.S. 787, 804, 107 S.Ct. 2124, 2136, 95 L.Ed.2d 740 (1987) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 445, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911)).

Trying again to shield himself from criminal liability by using Judge Batchelder's determination that the district court lacked personal jurisdiction over defendant in the civil contempt action, defendant argues that the government failed to prove his knowing and willful violation of the injunction in that he "could not have knowingly violated the May 4, 1990 Order when he was specifically told by the judge who made the Order that he was not personally bound to it." Brief of Appellant at 12. This argument, referring to Judge Batchelder's October 30, 1990, memorandum of opinion, is entirely mistaken because the court did not state that defendant was not bound by the earlier May 4, 1990, injunction. To the contrary, it specifically found him subject to the injunction as an officer of the corporation enjoined. Defendant was never told that he was not bound by the injunction, and his argument fails.

■ Defendant does not otherwise challenge the sufficiency of the evidence to convict him. In any event, there is ample evidence that he was the president and chief executive officer of Crystal at all times material to this case, and, as an officer personally identified with the corporation, defendant had actual notice of the injunction in question. He represented the corporation in the injunction proceedings and personally filed a motion to appeal the May 4, 1990, injunction via a document entitled "Ordered Affidavit Appeal." Under these circumstances, there is ample evidence from which the trier of fact could have concluded beyond a reasonable doubt that defendant willfully ignored and disobeyed the injunction in question. *See United States v. Mack*, 837 F.2d 254, 257 (6th Cir.1988) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Defendant's argument that he was somehow previously acquitted of the contempt by Judge Batchelder is unavailing.

### III.

For the reasons stated, the judgment of the district court is AFFIRMED.