**CITY CAB COMPANY OF ORLANDO, INC., Yellow Cab Company of Orlando, Inc., Plaintiffs,**

v.

**ALL CITY YELLOW CAB, INC.,** Nelson J. Baptiste Laurent, Mathieu Devalme, Franckel Favra, Dieudinord Dorce, Jacques Estael, Fanor J. Baptiste, Arnold Oliantus, Oreste Mesidor, Khalid Niehmood, Julio Valdez, Jorge M. Ramos–Montalvo, Jean Octanier Laguerre, Jean M. Dunet, Defendants.

No. 6:05–cv–723–Orl–18DAB.

United States District Court, M.D. Florida, Orlando Division.

Oct. 9, 2008.

Jon M. Gibbs, Virginia B. Townes, Akerman Senterfitt, Melissa A. Campbell, McClane Tessitore, Orlando, FL, for Plaintiffs.

Gwen Cryer, Bay Hill Area Law Group, Orlando, FL, for Defendants.

Franckel Favra, Orlando, FL, pro se.

Arnold Oliantus, Orlando, FL, pro se.

Oreste Mesidor, Orlando, FL, pro se.

Jean M. Dunet, Orlando, FL, pro se.

## ORDER

G. KENDALL SHARP, Senior District Judge.

THIS CAUSE comes before the Court upon Jean Edmund's Motion for Relief From Contempt Judgment (Doc. 116, filed Sept. 11, 2008) to which Plaintiffs City Cab Company of Orlando, Inc. and Yellow Cab Company of Orlando, Inc. ("Plaintiffs") replied in opposition. (Doc. 117, filed Sept. 12, 2008.) Specifically, Edmund is seeking to have the contempt judgment (Doc. 115, file August 6, 2008) set aside on the "grounds of improper service under Rule 60(b) as void and under paragraph (6) 'any other reason that justifies relief.'" (Doc. 116 at 2.) After consideration, the Court **DENIES** Edmund's Motion for Relief.

## I. BACKGROUND

Plaintiffs originally brought this action on May 11, 2005 when they filed suit against Defendants All City Yellow Cab, Inc. ("All City") and several individual taxi-cab owner/drivers ("Defendants") for unfair competition, statutory injury to business reputation, statutory dilution, and Florida common law unfair competition for their use of a trademark that Plaintiffs believed to be confusingly similar to their own. (Doc. 1, filed May 11, 2005.) By October 10, 2005, Plaintiffs had obtained Clerk's Defaults against all the remaining original Defendants. Plaintiffs subsequently filed a Motion for Default Final Judgment Against Defendants, including All City. (Doc. 53, filed Feb. 13, 2006.) Although he was not a named party, Edmund appeared at the hearing on Plaintiffs' motion and represented to the Court that he owned one-half of All City. (Doc. 114 Ex. A. filed July 15, 2008.)

Plaintiffs and the named Defendants to the original action later entered into a settlement agreement. (Doc. 85, filed Dec. 20, 2006.) As part of that agreement, Plaintiffs and various Defendants, including All City, filed a Joint Motion for Entry of Consent Final Judgment and Permanent Injunction together with a proposed Order of Consent Final Judgment and Permanent Injunction. (Doc. 86, filed Dec.

21, 2006.) On January 4, 2007, this Court entered its Order on the Motion for Judgment enjoining the named Defendants. (Doc. 89, filed Jan. 4, 2007.) In particular. the injunction stated:

Each Appearing and Non–Appearing Defendant who has entered into the Settlement Agreement and its respective agents, officers, directors, partners, shareholders, servants, employees, attorneys, representatives, successors and assignees, and all other persons and entities in active concert or participation with them, agree to be, and hereby is, enjoined from using the trademarks CITY CAB, YELLOW or any derivation thereof containing the words CITY or YELLOW, including "All City Yellow Cab" in connection with the provision of taxi or automobile services.

(Doc. 89.) Based on information showing that Edmund was continuing to provide taxicab services using Plaintiffs' trademark in violation of the injunction, Plaintiffs filed a Motion to Enforce Judgment and Injunction. (Doc. 114.) This Court granted Plaintiffs' motion and found Edmund to be in civil contempt. (Doc. 115.) Edmund thereafter filed this Rule 60(b) Motion for Relief From Contempt Judgment. (Doc. 116.)

## II. DISCUSSION

### A. Rule 60(b) Motion for Relief Standard

■ As an initial matter, it is necessary to determine which subpart of Federal Rule of Civil Procedure 60(b) would justify relief Edmund states that the Contempt Order should be set aside for improper service and for "any other reason that justifies relief" according to Rule 60(b)(6). "This court is not bound by the nomenclature a party attaches to a post trial motion. A court may conduct an independent determination of what type of motion" is before it. *U.S. v. Route 1, Box 111, Fire-*

*tower Rd.,* 920 F.2d 788, 791 n. 3 (11th Cir.1991). Further, Rule 60(116) "applies only to cases that do not fall into any of the other categories listed in parts (1)-(5) of Rule 60(b)." *Id.* at 791. Edmund fails under Rule 60(b)(6) because he neglects to provide the Court with "any other reason" that would justify relief. (Doc. 116 at 2.) On the other hand. Edmund would be entitled to relief under 60(b)(4) if he was not properly served because the Court would lack personal jurisdiction thereby rendering the judgment void.

■ Federal Rule of Civil Procedure 60(b)(4) states that "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding [if] ... the judgment is void." Fed. R.Civ.P. 60(b)(4). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith,* 252 F.3d 1260, 1263 (11th Cir.2001) (quotation omitted). A judgment is void because the court that issued it lacked the power to do so, not because it is erroneous. *William Skillings & Assocs. v. Cunard Transp., Ltd.,* 594 F.2d 1078, 1081 (5th Cir.1979).

### B. Improper Service Under Rule 60(b)(4)

■ The Due Process Clause of the Fourteenth Amendment requires the defendant to any litigation to have notice of it in order for a court to properly exercise personal jurisdiction. This requirement is met if the service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Here, Plaintiffs' Motion to En-

force was mailed to every address associated with Edmund in the record; four in total. (Doc. 114, at 21.) Given its most generous reading, Edmund's argument is that service by mail was an insufficient manner of serving a nonparty with notice of a civil contempt proceeding and, therefore, renders the judgment void.

■ This argument, however, is unpersuasive. The Federal Rules of Civil Procedure themselves indicate that personal jurisdiction over a nonparty contemnor is a given. Indeed, Rule 71 states that "[w]hen an order ... may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R.Civ.P. 71. The injunction may clearly be enforced against Edmund as those bound by it include the "parties," "the parties' officers, agents, servants, employees and attorneys," and "other persons who are in active concert or participation with anyone" previously listed who receive actual notice of the injunction by personal service or otherwise. Fed.R.Civ.P. 65(d)(2)(A)-(C). Because Edmund is bound by the injunction, the procedure for enforcing it is the same as it would be for enforcing it against All City. That procedure is governed by Rule 5 of the Federal Rules of Civil Procedure. In particular, Rule 5(b) allows for pleadings filed after the original complaint and other motions to be served upon the counsel of record for each party or upon the parry himself when not represented by counsel. Fed.R.Civ.P. 5(b). Service is considered complete upon mailing. *Id.* The rules, therefore, assume that the court has personal jurisdiction over nonparty defendants in civil contempt motions.

This assumption that courts have personal jurisdiction over nonparty contemnors is supported by the little case law that exists on the subject. While the Eleventh Circuit has not addressed the question, courts have often held that nonparties

bound by injunction orders are "subject to in personam jurisdiction for purposes of contempt if they have notice of the injunction and its contents." *U.S. v. Hochschild,* 977 F.2d 208, 212 (6th Cir.1992). For example, in *NLRB v. Hopwood Retinning Co.,* 104 F.2d 302 (2d Cir.1939), the Second Circuit found a principal owner of a corporation who was not a party to an earlier action to be properly before it as a respondent in a contempt action. Process was not personally served on the defendant there, but was instead mailed to the attorneys who appeared on behalf of the corporation in the earlier action according to Rule 5(b). The Court of Appeals found this service by mail sufficient because "[a]s a proceeding for civil contempt, this is therefore properly a continuance of the earlier action in this court and is a step in the enforcement of our previous judgment. Hence it was correctly instituted by motion served upon the counsel appearing for the parties in the record." *NLRB v. Hopwood Retinning Co.,* 104 F.2d 302, 305 (2d Cir.1939) (Clark, L. Hand, and A. Hand, 11.); *see also Alemite Mfg. Corp. v. Staff,* 42 F.2d 832, 832 (2d Cir.1930) (L. Hand, J.).

The facts of *Hopwood Retinning* are almost identical to the present case. Edmund, who apparently now owns one-hundred percent of All City (Doc. 117 at 3), contends that service was insufficient here because the Motion was mailed to a business address. Edmund ignores, however, that the Motion was also mailed to all three other addresses associated with him in the record and also to All City's counsel. The service requirements of Rule 5 were therefore complied with. Moreover, reading a personal service requirement into the rule would further postpone compliance with the injunction. Nor was due process offended by mail service, as the mailings here were "reasonably certain to inform" Edmund of the Motion brought against

him. *Mullane*, 339 U.S. at 315, 70 S.Ct. 652. Additionally, Edmund all but admits that actual notice of the injunction is satisfied when he asserts that he is presently complying with the Order. (Doc. 116 at 2.) Thus, because Edmund was bound by the injunction and was properly before this Court, Rule 60(b)(4) affords no ground for relief from the Courts previous contempt judgment.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Edmund's Rule 60 Motion for Relief From Contempt Judgment.

**DONE** and **ORDERED** in Orlando, Florida on this *9* day of October, 2008.