John W. CARSON d/b/a/ Johnny Carson; Johnny Carson Apparel, Inc., Plaintiffs-Appellees,

v.

HERE'S JOHNNY PORTABLE TOILETS, INC., Defendant-Appellant.

No. 85–1447.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 15, 1986.

Decided Jan. 26, 1987.

Allen M. Krass, argued, Krass and Young, Troy, Mich., for defendant-appellant.

Robert M. Newbury, argued, Chicago, Ill., Edward G. Wierzbicki, Michael P. Coakley, Detroit, Mich., for plaintiffs-appellees.

Before JONES and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

In an earlier published opinion, *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831 (6th Cir.1983), this court held that under Michigan law Johnny Carson, one of the plaintiffs herein, has a "right of publicity" in the phrase "Here's Johnny." This case was remanded to the district court, 498 F.Supp. 71, for a determination of appropriate relief, the defendant having improperly exploited the phrase to its own advantage and to the plaintiff's detriment. Upon remand the district court enjoined the defendant from using the phrase anywhere in the country and awarded $31,661.96 in damages, measured by the defendant's profits, plus costs. On appeal the defendant challenges the damage award and asks that we limit the geographical scope of the injunction to the State of Michigan.

One cannot be sure how most jurisdictions other than Michigan would have ruled on the merits of this case. Many states have never considered whether a right of publicity exists, and even fewer have considered whether that right protects not only an entertainer's name or picture but also a phrase or nickname or other symbol associated with the entertainer. At least one of Michigan's neighbors has indicated that it recognizes a right of publicity no less broad than that recognized here: see *Hirsch v. S.C. Johnson & Son, Inc.*, 90 Wis.2d 379, 280 N.W.2d 129 (1979), where Wisconsin extended protection to a famous football player's nickname, "Crazylegs." In *Motschenbacher v. R.J. Reynolds Tobacco Co.*, 498 F.2d 821 (9th Cir.1974), similarly, it was held that the unauthorized depiction in a television commercial of a professional race car driver's distinctive automobile violated the driver's right of publicity under the law of California.

Because there are indications that other states would hold as we have predicted Michigan would, and because the defendant is uncertain, at this point, whether it wants to use the phrase "Here's Johnny" in any state where the substantive law arguably differs from Michigan's, we see no harm in letting the injunction stand in its present form for the time being, at least. If the defendant should hereafter decide that it wants to use the phrase in a state (other than Michigan) where it believes such use would be legal but for the injunction, it will be free to seek a modification of the injunction from the district court at that time. As we see the equities, in the light of the parties' conduct to date and the probable trend of the law nationally, it would be fairer to require the defendant to take the litigation initiative in such a situation than to require the plaintiffs to do so.

The defendant further contends that the plaintiffs waived their right to recover damages in the amount of the defendant's profits. The waiver allegedly occurred when the plaintiffs' counsel told the trial court in closing argument that the profits might or might not be great enough to justify the expense of an accounting, suggesting that the court could simply award

$10,000 as damages if it chose not to order an accounting. We see no waiver in this.

The judgment of the district court is AFFIRMED, without prejudice to the defendant's right to seek future modification of the injunction in the event of changed conditions that might make modification appropriate.