825 F.2d 412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WATCH WHAT DEVELOPS FRANCHISE CONCEPTS, INC., and One Hour
Photo, Inc., Plaintiffs-Appellants,
v.
PAR FIVE, INC.; Richard W. Shannon; Gene Knierem; Jack B.
Chantemerle; James Farmakis; and Ronald L. Shuler,
Defendants;
Patricia Rigby, Defendant-Appellee.
 No. 86-3237
 United States Court of Appeals, Sixth Circuit.
 July 28, 1987.
 
 Before GUY and BOGGS, Circuit Judges, and TAYLOR, District Judge*.
 PER CURIAM.
 
 
 1
 A franchiser of photography developing shops and an operator of several photography developing shops appeal from a summary judgment and an award of attorneys fees against them in their suit for infringement of trade dress rights. Because we find that appellants failed to establish any factual question concerning the existence of protectible rights, we affirm the entry of summary judgment. However, we reverse the award of attorneys fees.
 
 
 2
 * Appellant Watch What Develops (WWD) sells and administers '1 Hour Photo . . . Watch What Develops' franchises. Appellant 1 Hour Photo, Inc. operates several fast photography developing locations. Both appellants are Ohio corporations. In 1981 WWD sold a franchise for North and South Carolina and greater Savannah to appellee Par Five, Inc. and defendants Ronald L. Shuler, Richard W. Shannon, Gene Knierem, Jack B. Chantemerle and James Farmakis (the Par Five defendants). In August 1984, the Par Five defendants informed appellants that they wished to terminate the franchise agreement. Appellants wished to continue the contractual obligations, and did not agree to termination.
 
 
 3
 Prior to the Par Five defendants' request to terminate the franchise relationship, defendant Shannon, with three others, began a general partnership, 'Pitt Photo,' for the purpose of processing photographic film, and renting video equipment and movies. Pitt Photo entered into leases with two landlords and began operations at several locations in the greater Pittsburgh area. In October 1984, defendant Shannon negotiated with defendant Chantemerle, who is one of the original Par Five defendants, and appellee Patricia Rigby, for the sale of the other three Pitt Photo partners' interest in Pitt Photo. The sales agreement was executed in November 1984, with Shannon, Chantemerle, and Rigby each to own 1/3 of Pitt Photo. Prior to the closing date, Appellee Rigby operated the partnership on a day-to-day basis. Defendant Chantemerle then unilaterally decided not to go forward with the sales agreement.
 
 
 4
 In February 1985, appellants filed their complaint against the Par Five defendants and appellee Rigby, alleging infringement of a federally registered service mark and common law trade dress rights, and unfair competition, based on similarities between the Pittsburgh area stores and appellants' own stores, located in various shopping malls in Ohio. The essence of appellants' claim is infringement of trade dress rights, constituting unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a):
 
 
 5
 Any person who shall affix, apply or annex or use in connection with any goods or services . . . a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods to enter into commerce . . . shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.
 
 
 6
 Following appellants' complaint and Rigby's answer, there were several rounds of written submissions and a hearing before the court. In the first round, Rigby filed her motion for summary judgment, and a supporting brief and affidavit; appellants responded; and Rigby replied to the appellants' response. During this round, appellants failed to submit either evidence or affidavits. In the second round, appellants filed a 'supplemental response,' including four photographs and an affidavit. Rigby moved to strike the 'supplemental response' as not in conformity with local rules or, alternatively, requested leave to file a 'rebuttal' and simultaneously filed that 'rebuttal.' In the third round, Rigby requested a protective order, asking that her deposition not be taken because no evidence could save appellants' case from summary judgment. Appellants filed a 'response' which requested the court to regard it as both a reply to Rigby's request for a protective order and another supplemental response to her motion for summary judgment. Rigby replied, objecting to appellants' attempt to reargue her summary judgment motion. Appellants filed a reply to Rigby's reply. Rigby moved for a second protective order and for an oral hearing on all her motions. No additional evidence was received at oral argument.
 
 
 7
 The district court granted Rigby's motion to strike appellants' late filed supplemental response, submitted in Round 2, which included appellants' only affidavit. The district judge then granted Rigby's motion for summary judgment. The judge held that the appellants failed to present any evidence to controvert Rigby's affidavit that 'she had never used the advertising . . . which purports to constitute plaintiffs' service mark.' According to the district judge, appellants established neither a franchise theory claim nor a service mark violation.
 
 
 8
 The district court specifically held that the appellants did not establish the three elements of a trade dress violation: '(1) [t]hat the trade dress or product configuration of two competing products is confusingly similar; (2) that the appropriate features of the trade dress or product configuration are primarily non-functional; and (3) that the trade dress or product configuration has obtained secondary meaning.' (quoting Kwik-Site Corp. v. Clearview Mfg. Co., 758 F.2d 167, 178 (6th Cir. 1985)).[1] The district judge held that this constituted a failure under Rule 56(e), Fed. R. Civ. P., to set forth specific facts showing a genuine issue for trial.
 
 
 9
 The court awarded Rigby attorneys fees pursuant to Rule 11, Fed. R. Civ. P., on the ground that appellants' case asserted baseless claims, thereby violating Rule 11's requirement that any pleading, motion or other paper be well grounded in fact and warranted by existing law or a good faith argument for the extension or reversal of existing law.
 
 
 10
 Appellants moved for the alteration of judgment and award of attorneys fees, under Rule 59(e), Fed. R. Civ. P. This motion, which contained copious new factual material, was denied.
 
 II
 
 11
 The district court's entry of summary judgment was based on three grounds. First, there could be no liability on a franchise theory, as Rigby had never been one of appellants' franchisees. Second, there could be no service mark liability, as appellants had failed to contradict Rigby's affidavit testimony that she had not used their service mark. Third, there could be no trade dress liability, because appellants failed to identify the specific trade dress in question and there was no evidence tending to establish the necessary elements to warrant legal recognition of a trade dress violation. On appeal, we must additionally consider whether plaintiffs-appellants' complaint was so baseless as to justify the award of attorneys fees under Rule 11, Fed. R. Civ. P.
 
 
 12
 * Although it is uncontroverted that Rigby was not appellants' franchisee, appellants assert that Chantemerle, who was both a franchisee and a Pitt Photo partner, provided Rigby, as a Pitt Photo partner, with knowledge acquired through the franchise relationship with appellants. However, the fundamental franchise liability is premised on an appropriation of trade dress. Because we hold below that appellants failed to establish any element of trade dress infringement, the partnership issue is irrelevant.
 
 B
 
 13
 There is evidence that Pitt Photo once used an envelope bearing WWD's service mark, but there is no indication that the envelope was used for anything other than a hand delivered letter to a mall's leasing agents. Because there was no holding out to the consuming public that appellants' service mark represented Pitt Photo, Rigby did not infringe upon any protected use of WWD's service mark.
 
 C
 
 14
 Appellants argue on appeal that the district court erred by not imputing to Rigby the Pitt Photo partnership's alleged unfair competition consisting of the knowledge and know-how that defendant Shannon acquired through his agreement with WWD. According to appellants, this unfair competition, coupled with Rigby's intent to deceive consumers through the similarities to appellants' stores, should have led the district judge to place the burden of showing the absence of secondary meaning upon her.
 
 
 15
 Thus, appellants argue that summary judgment was inappropriate because Rigby's motion for summary judgment merely stated that appellants failed to allege sufficient facts to constitute trade dress, rather than factually contesting appellants' allegations of infringement.
 
 
 16
 The Supreme Court has recently addressed movant and non-movant parties' burdens in summary judgment proceedings. See Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986); Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505 (1986). The Court held in Celotex that if the party who will bear the burden of proof at trial fails to show the existence of an essential element in that party's claim, summary judgment is required. The Court stated in Liberty Lobby that 'in the face of the defendant's properly supported motion for summary judgment, the plaintiff could not rest on his allegations . . . without 'any significant probative evidence tending to support the complaint." Liberty Lobby, 106 S. Ct. at 2510 (quoting First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 290 (1968)).
 
 
 17
 In light of these precedents it is clear that, upon motion by a party challenging the existence of sufficient facts to state a claim, summary judgment is appropriate when there is an insufficient factual basis in the record to establish each necessary element of a challenged claim. In the present case, Rigby's motion for summary judgment noted that appellants failed to show that the trade dress was either non-functional or had acquired secondary meaning. The motion also noted that appellants had failed to identify any specific features of their trade dress. Appellants' response merely asserted 1) that their cause of action required a factual determination, precluding summary judgment, and 2) a need for further discovery. This response was insufficient. Appellants failed to demonstrate specific non-functional aspects of their trade dress and the existence of secondary meaning sufficient to show that their trade dress acted as a source indentifier to consumers. West Point Mfg. Co. v. Detroit Stamping Co., 222 F.2d 581, 588-90 (6th Cir.), cert. denied, 350 U.S. 840 (1955). These are elements which were necessarily within appellants' power to articulate, as they refer to aspects of appellants' shops. Even if the material presented to the district court after entry of summary judgment could establish these elements, appellants Rule 59, Fed. R. Civ. P., motion is of no help to them, as only newly discovered evidence is admissible under Rule 59. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122-123 (6th Cir. 1982).
 
 
 18
 Appellants argue that this Court has adopted a standard of 'likelihood of confusion' as the only test for an action under 15 U.S.C. Sec. 1125. Although some courts have collapsed secondary meaning into the inquiry of likelihood of confusion in a suit for damages, see Perfect Fit Industries, Inc. v. Acme Quilting Co., 618 F.2d 950 (2d Cir. 1980), appeal after remand, 646 F.2d 800 (1981), appeal after remand, 673 F.2d 53, cert. denied, 459 U.S. 832 (1982); Chevron Chemical Co. v. Voluntary Purchasing Groups, Inc., 659 F.2d 695 (5th Cir. 1981), cert. denied, 457 U.S. 1126 (1982), that is not the law in this circuit. At most, we have held that in an action for equitable relief only, the likelihood of confusion was sufficient for an injunction to issue, and no showing of actual confusion was required. However, those opinions do not reflect any dispute over the existence of secondary meaning and nonfunctionality. See Frisch's Restaurant, Inc., v. Elby's Big Boy, 670 F.2d 642 (1982); Carson v. Here's Johnny Portable Toilets, Inc., 698 F.2d 831, 833 (6th Cir. 1983), appeal after remand, 810 F.2d 104 (1987). Thus, those cases do not provide guidance for the present case. We have, however, held that a violation of 15 U.S.C. Sec. 1125 is established by proof of non-functionality, secondary meaning, and confusing similarity. Kwik-Site Corp. v. Clearview Mfg. Co., 758 F.2d 167, 178 (6th Cir. 1985). Each element must be established in order to demonstrate trade dress infringement. Specifically, secondary meaning is a necessary condition precedent to proof of confusingly similar use of trade dress. See, J. McCarthy, Trademarks and Unfair Competition, Sec. 8.2 at 285 (2d ed. 1984), and cases cited therein. Thus, although actual confusion or intentional copying, such as that alleged by appellants, may suggest that a specific trade dress has acquired a protectable secondary meaning, it is not sufficient by itself to conclusively establish a protectable secondary meaning. Upon motion for summary judgment, it was appellants' burden to establish a factual basis for each element of the alleged trade dress infringement, not Rigby's burden to show an absence of infringement.
 
 III
 
 19
 The district court stated that under Rule 11, Fed. R. Civ. P.,
 
 
 20
 'attorney fees may be awarded where a complaint is not based upon a reasonable inquiry and it is not well grounded in fact. In the instant case, the record reveals that plaintiffs' complaint against defendant Rigby is not well grounded in fact and asserts baseless claims. Therefore, this court finds that defendant Rigby is entitled to recover attorney fees.'
 
 
 21
 Entry of summary judgment was correct in that appellants failed to allege or establish facts sufficient to show that there was an issue for trial. However, upon review of the record, which is incomplete due to the procedural posture of this case, we cannot conclude that Rigby was not a participant in a venture which intentionally copied the appearance of appellants' storefront and layout for the purpose of capitalizing on the success associated with appellants' stores. We do not imply that a more thorough presentation of the evidence would have necessarily resulted in Rigby's liability, but only that such may have been the case. Thus, appellants' counsel are being penalized for poor legal craftsmanship, rather than the nonfeasance or malfeasance to which Rule 11 applies. We therefore REVERSE the decision of the District Court as to attorneys fees, and AFFIRM the decision of the District Court as to the summary judgment.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Secondary meaning occurs when a feature is so associated in the public mind with a service or goods provider that the public distinguishes that provider from other providers of the same service or good by that feature