This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Pologeorgis

Mailed: March 25, 2010

Opposition No. 91181092

The John W. Carson Foundation

v.

Toilets.com, Inc.


**Before Cataldo, Taylor, and Bergsman,**
**Administrative Trademark Judges.**

**By the Board:**


Toilets.com, Inc. ("applicant") seeks to register the

mark HERE'S JOHNNY in standard character format for "portable

toilets" in International Class 11.[1]

On December 5, 2007, The John W. Carson Foundation[2]

("opposer") filed a notice of opposition to the registration

of applicant's mark. The grounds for opposition set forth in

---

[1] Application Serial No. 77068472, filed on December 20, 2006, based on a *bona fide* intention to use the mark in commerce under Trademark Act Section 1(b), 15 U.S.C. Section 1051(b).

[2] By Board order dated March 13, 2009, the Board granted a construed motion to substitute The John W. Carson Foundation as party plaintiff in this proceeding inasmuch as the originally-identified opposers, i.e., Alexis M. Carson and Lawrence L. Witzer, Trustees of the John W. Carson Trust, demonstrated the assignment of their interest in Johnny Carson's name, voice, signature, photograph, image and likeness, including the association of the phrase "Here's Johnny" with Johnny Carson, and all other interests they owned in Johnny Carson's right to publicity, to The John W. Carson Foundation. Applicant did not contest the motion.

opposer's notice of opposition are as follows: (1) false suggestion of a connection under Section 2(a) of the Trademark Act; (2) the registration of the mark involved in this proceeding is barred by the doctrine of *res judicata*; (3) lack of a *bona fide* intent to the use the mark in commerce; and (4) fraud.

Applicant, in its answer, denied the salient allegations in the notice of opposition and asserted the following defenses and affirmative defenses: (1) opposer has failed to state a claim upon which relief may be granted, (2) there exists no likelihood of confusion between opposer's pleaded marks and the mark in the subject application, (3) applicant does have a *bona fide* intention to use its mark in commerce, (4) opposer is barred by the doctrine of *res judicata* on the ground of likelihood of confusion, and (5) opposer has failed to set forth appropriate statutory grounds for this opposition and, therefore, lacks standing to bring this case.

This case now comes before the Board for consideration of opposer's motion for summary judgment based solely upon its asserted claims that (1) registration of the involved mark is barred by the doctrine of *res judicata* and (2) lack of a *bona fide* intent to use the mark in commerce. Opposer's motion is fully briefed.

In support of the motion on its asserted claim that registration of applicant's involved mark is barred by the

2

doctrine of *res judicata*, opposer argues that the HERE'S JOHNNY mark in the involved application is barred from registration as a result of (1) a Sixth Circuit decision which held that opposer has a right of publicity in the phrase "HERE'S JOHNNY" and that applicant's use of the mark HERE'S JOHNNY in connection with portable toilets violates opposer's right of publicity, (2) a nationwide permanent injunction issued by the U.S. District Court of the Eastern District of Michigan which permanently enjoins applicant from, *inter alia*, using the phrase "HERE'S JOHNNY" as a corporate name or trade name, and from using said phrase on or in connection with the advertising, promotion, or offering for sale or lease, selling, or otherwise furnishing goods, and (3) a ruling in a prior Board proceeding, i.e., Opposition No. 59,479,[3] in which the Board entered final judgment against applicant and refused registration for the identical mark and goods that are involved in this proceeding.

In view of the foregoing, opposer contends that the parties and issues presented in the prior civil action and prior Board proceeding are legally equivalent and, therefore, opposer is entitled to judgment, as a matter of law, by application of the doctrine of *res judicata*.

---

[3] *John W. Carson v. Here's Johnny Portable Toilets, Inc.* (opposition no. 91059479, to application serial no. 73091178; opposition sustained December 11, 1984).

Likewise, in support of its motion on its asserted claim of lack of a *bona fide* intent to use the mark in commerce, opposer argues that, because applicant is permanently enjoined from using the mark HERE'S JOHNNY in association with portable toilets, it is a legal impossibility for applicant to obtain a federal registration since one must demonstrate use in commerce in order to obtain such registration, and therefore applicant's intent to use the mark HERE'S JOHNNY cannot be *bona fide* under the Trademark Act.

As evidence in support of its motion, opposer has submitted the declaration of Lawrence L. Witzer, a co-executor of John W. Carson's estate, a trustee of the John W. Carson Trust and an officer and director of The John W. Carson Foundation who declares that the opposer herein has been assigned all rights to John W. Carson's personality, including the phrase "HERE'S JOHNNY" and which declaration introduces executed documents allegedly demonstrating such assignment. Additionally, opposer has submitted the declaration of Robert M. Newbury, counsel for opposer, which introduces the following exhibits: (1) a copy of the published decision in *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 218 USPQ 1 (6th Cir. 1983); (2) a copy of the permanent injunction issued by the United States District Court for the Eastern District of Michigan

in *Carson v. Here's Johnny Portable Toilets, Inc.*, Civil Action No. 77-70147 (E.D. Mich. 1984)(hereafter the "permanent injunction"); (3) a copy of the Board's order issued on December 11, 1984 in *Carson v. Here's Johnny Portable Toilets, Inc.*, Opposition No. 59,479 (hereafter the "opposition order"); and (4) a copy of the published decision in *Carson v. Here's Johnny Portable Toilets, Inc.*, 810 F.2d 104, 1 USPQ2d 2007 (6th Cir. 1987).

In response, applicant asserts that the permanent injunction issued by the U.S. District Court for the Eastern District of Michigan only applies to the use of the phrase "HERE'S JOHNNY" as a corporate name or trade name and does not specifically enjoin or restrain the use by applicant of the phrase HERE'S JOHNNY as a trademark. Further, applicant contends that the plaintiffs in the district court action and the prior Board proceeding are not identical to the opposer in this action. Accordingly, applicant argues that the doctrine of *res judicata* is not applicable in this case. Further, applicant claims that inasmuch as (1) the plaintiff in the previous actions has died; (2) the federal registrations relied upon by the plaintiff in the earlier proceedings have been cancelled; and (3) the jurisdiction of the court which issued the permanent injunction does not recognize post-mortem rights of publicity, the issues presented in this proceeding differ from the issues

presented in the prior civil action and Board proceeding. Moreover, applicant contends that it has complied with all the filing requirements under Section 1(b) of the Lanham Act and that the permanent injunction does not negate its *bona fide* intent to use its mark in commerce. Finally, applicant argues that inasmuch as the Sixth Circuit in the 1983 *Carson v. Here's Johnny Portable Toilets, Inc.* opinion affirmed the district court's finding that no likelihood of confusion exists between opposer's use of the phrase "HERE'S JOHNNY" and applicant's use of the identical phrase for portable toilets, "Opposer is collaterally estopped from pleading likelihood of confusion because 'the proposed use of the mark HERE'S JOHNNY . . . falsely suggests a connection between Opposer and Applicant….'" *See* applicant's response to opposer's motion for summary judgment p. 15.[4]

As evidence in support of its response, applicant has submitted the following: (1) an additional copy of the permanent injunction; (2) an additional copy of the opposition order; (3) Trademark Electronic Search System (TESS) printouts of cancelled registrations for the mark HERE'S JOHNNY issued to John W. Carson and Johnny Carson Apparel, Inc.; (4) a TESS printout of applicant's

---

[4] Since opposer has not pleaded a claim of likelihood of confusion, we construe this argument by applicant as asserting that opposer's false suggestion of a connection claim is the legal equivalent of a likelihood of confusion claim and therefore is barred. We address the contention *infra*.

application and (5) a copy of the notice of publication of applicant's involved mark.[5]

In reply, opposer argues that, by its undisputed and plain language, the terms of the permanent injunction enjoin applicant not only from using the phrase HERE'S JOHNNY as a trademark, but from any commercial use of such phrase. Further, opposer argues that applicant is incorrect in asserting that the jurisdiction of the court which issued the permanent injunction in the prior civil action, i.e., Michigan, does not recognize a common law post-mortem right of publicity, and that the U.S. Court of Appeals for the Sixth Circuit in *Herman Miller, Inc. v. Palazetti Imports and Exports, Inc.*, 270 F.3d 298, 60 USPQ2d 1633 (6th Cir. 2001) specifically held that Michigan does recognize such right. Accordingly, opposer argues that the issues presented in the prior civil action and Board proceeding are identical to those in this proceeding.

Further, opposer contests applicant's assertion that it is a different party from the defendant in the prior Board proceeding and civil action, and therefore the permanent injunction does not bar applicant from using and applying to

---

[5] The parties have needlessly inflated the size of the record by their briefing of the motion for summary judgment. Opposer should not have submitted copies of publicly available decisions; applicant should not have submitted copies of materials opposer had already submitted; and it was unnecessary for applicant to submit copies of its application and notice of publication, which are already part of the record for this proceeding.

register the mark HERE'S JOHNNY for portable toilets. Opposer notes, in particular, that applicant has admitted in its answer to the notice of opposition that Earl J. Braxton is the former president of, and was the owner of, the defendant in the prior civil action and Board proceeding and is currently the owner and president of applicant in this proceeding. In view thereof, opposer argues that because the permanent injunction enjoined defendant, its agents, servants, and employees from using the mark HERE'S JOHNNY and since, by definition, Mr. Braxton is an agent of the party bound by the permanent injunction, applicant herein is also enjoined from using and registering the HERE'S JOHNNY mark. Finally, despite applicant's argument that opposer is collaterally estopped from asserting a Section 2(d) likelihood of confusion claim and without such an asserted claim opposer has failed to plead a claim upon which relief may be granted, opposer contends that it has asserted proper statutory claims, i.e., that applicant has no *bona fide* intent to use the mark in commerce (Section 1(b), and that the doctrine of *res judicata* bars registration of the involved mark in this case.

Summary judgment is an appropriate method of disposing of cases in which there are no genuine issues of material fact in dispute, thus leaving such cases to be resolved as a matter of law. *See* Fed. R. Civ. P. 56(c). The purpose of

8

summary judgment is one of judicial economy, that is, to save the time and expense of a useless trial where no genuine issue of material fact remains and more evidence than is already available in connection with the summary judgment motion could not reasonably be expected to change the result. *Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 222 USPQ 741, 743 (Fed. Cir. 1984).

A party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c); and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The nonmoving party must be given the benefit of all reasonable doubt as to whether genuine issues of material fact exist, and the evidentiary record on summary judgment, and all inferences to be drawn from the undisputed facts, must be viewed in the light most favorable to the nonmoving party. *See Opryland USA, Inc. v. Great American Music Show, Inc.,* 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992).

When the moving party's motion is supported by evidence sufficient to indicate that there is no genuine issue of material fact, and that it is entitled to judgment, the burden shifts to the nonmoving party to demonstrate the existence of specific genuinely disputed facts that must be resolved at trial. The nonmoving party may not rest on the

mere allegations of its pleadings and assertions of counsel, but must designate specific portions of the record or produce additional evidence showing the existence of a genuine issue of material fact for trial.

Initially, we must first consider the question of whether genuine issues exist as to opposer's standing to bring this opposition proceeding. Standing is a threshold issue that must be proven by a plaintiff in every *inter partes* case. *Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023 (Fed. Cir. 1999) and *Lipton Industries, Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185 (CCPA 1982). The purpose of the standing requirement, which is directed solely to the interest of the plaintiff, is to prevent intermeddlers from initiating proceedings. Thus, to meet this requirement, a plaintiff need only show that it has a real interest in the outcome of the proceeding. *Ritchie*, 50 USPQ2d at 1025.

We find that there is no genuine issue of material fact as to opposer's standing in view of the assignment documents which demonstrate that opposer is the current owner of the right of publicity of John W. Carson, including the phrase HERE'S JOHNNY.

In terms of opposer's substantive claims, the record before us demonstrates the following: Earl J. Braxton was the president and owner of Here's Johnny Portable Toilets,

10

Inc. *See* Notice of Opposition ¶¶ 10-11; answer to notice of opposition ¶¶ 10-11. The same Earl J. Braxton is currently the president and owner of the applicant herein. *See* Notice of Opposition ¶¶ 9, 11; answer to notice of opposition ¶¶ 9, 11.

On June 21, 1976, Here's Johnny Portable Toilets, Inc. filed an application to register the mark HERE'S JOHNNY in the United States Patent and Trademark Office (USPTO) for "portable toilets" (Application Serial No. 7391178). *See* Notice of Opposition ¶ 13; answer to notice of opposition ¶ 13.

On March 30, 1977, John W. Carson opposed Application Serial No. 73091178. *See* Notice of Opposition ¶ 14; answer to notice of opposition ¶ 14. Mr. Carson also filed a civil action against Here's Johnny Portable Toilets, Inc. in the District Court for the Eastern District of Michigan over its use of HERE'S JOHNNY for portable toilets. Newbury Decl. ¶¶ 3-4 (Exh. 1-2). On appeal, the Sixth Circuit held that Mr. Carson had a right of publicity in the phrase "HERE'S JOHNNY" and that use of said phrase by Here's Johnny Portable Toilets, Inc. violated Mr. Carson's right of publicity under Michigan law. *See Carson v. Here's Johnny Portable Toilets, Inc.*, 218 USPQ at 5-6.

On remand, the United States District Court for the Eastern District of Michigan, Southern Division, in Civil

Action No. 77-70147, entered a nationwide permanent injunction against Here's Johnny Portable Toilets, Inc., stating:

> Defendant, its agents, servants, employees, attorneys and all others in active concert or participation with defendant, are hereby enjoined and restrained from using the phrase "Here's Johnny" as a corporate name or trade name, and from using said phrase on or in connection with the advertising, promotion, offering for sale or lease, selling, leasing or otherwise furnishing goods, and from otherwise misappropriating the public identity of John W. Carson for commercial exploitation.

Newbury Decl. ¶ 4 (Exh. 2). The Sixth Circuit affirmed the permanent injunction and its nationwide scope. *See Carson v. Here's Johnny Portable Toilets, Inc.*, 810 F.2d 106, 1 USPQ2d 2007 (6th Cir. 1987).

Pursuant to the permanent injunction, the Board, on December 11, 1984, issued an order sustaining Mr. Carson's opposition, entering judgment against Here's Johnny Portable Toilets, Inc. and denying the application to register HERE'S JOHNNY for portable toilets. Newbury Decl. ¶ 5 (Exh. 3).

Finally, the record demonstrates that opposer herein acquired by assignment all rights of publicity of John W. Carson, including all rights to Carson's personality, including but not limited to, Carson's name, voice, signature, photograph, and likeness. *See* Witzer Decl., Ex. A.

For the reasons explained below, we find that opposer is entitled to summary judgment in its favor in regard to

12

both its claims that the doctrine of *res judicata* bars registration of the involved mark and that applicant lacks a *bona fide* intent to use the mark HERE'S JOHNNY in commerce.

We first turn to the issue of *res judicata*. Under the doctrine of *res judicata* (or claim preclusion), the entry of a final judgment "on the merits" of a claim (i.e., cause of action) in a proceeding serves to preclude the relitigation of the same claim in a subsequent proceeding between the parties or their privies, even in those cases where the prior judgment was the result of a default or consent. *See Lawlor v. National Screen Service Corp.,* 349 U.S. 322 (1955); *Chromalloy American Corp. v. Kenneth Gordon, Ltd.,* 736 F.2d 694, 222 USPQ 187 (Fed. Cir. 1984); *and Flowers Industries, Inc. v. Interstate Brands Corp.,* 5 USPQ2d 1580 (TTAB 1987).

A second suit is barred by res judicata or claim preclusion if

(1) the parties (or their privies) are identical;

(2) there has been an earlier final judgment on the merits of a claim; and

(3) the second claim is based on the same set of transactional facts as the first.

*Jet, Inc. v. Sewage American Systems*, 223 F.3d 1360, 55 USPQ2d 1854, 1856 (Fed. Cir. 2000).

13

We find that the parties in this proceeding and the parties in the prior civil action and prior Board proceeding are legally equivalent. While John W. Carson brought the prior civil action and Board proceeding in his individual capacity while he was alive, his right to publicity survived his death. Indeed, the jurisdiction of the court which issued the permanent injunction and where applicant's business is located recognizes a common law post-mortem right to publicity. *See Herman Miller, Inc. v. Palazetti Imports and Exports, Inc.*, 270 F.3d at 326 ("The district court did not err in recognizing a post-mortem right of publicity under Michigan common law"). Moreover, the jurisdiction where Mr. Carson lived at the time of his death, i.e., the state of California, has a statutory post-mortem right of publicity. *See* Cal. Civ. Code § 3344.1(b). Further, the record demonstrates that such right of publicity was properly assigned to the current opposer in this proceeding. *See* Witzer Decl. ¶¶ 3-7 and attached exhibits. Accordingly, privity exists between the plaintiff in the prior actions and the opposer in this proceeding.

As to whether there is privity between the defendant in the prior actions and applicant, although Mr. Braxton was not a party to the prior civil action or prior Board proceeding, the basis for applying preclusion against him and applicant herein rests on his being the president and

14

sole owner of the defendant in the prior actions.  Section 39 of the Restatement (Second) of Judgments (1982) states the applicable black-letter law:

> A person who is not a party of an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party.

*See also* 18A C. Wright, A. Miller & E. Cooper, Fed. Prac. & Proc. Juris. § 4451 (2nd ed. 2009).

In view thereof, privity exists between applicant in this proceeding and the defendant in the prior civil action and prior Board proceeding for *res judicata* purposes.  *See e.g.*, *Kraeger v. General Electric Co.*, 497 F.2d 468, 472 (2d. Cir. 1974) (The president and sole shareholder of a corporation was bound by the corporation's defeat in an action that he effectively controlled); and *Vitronics Corp. v. Conceptronic, Inc.*, 27 USPQ2d 1046, 1049 (D.N.H. 1992)(founder and CEO of corporation in privity with corporation).

Accordingly, no genuine issue of material fact exists regarding the first factor of the *res judicata* analysis.

With regard to the second factor of the *res judicata* analysis, there is no genuine issue of material fact that there has been an earlier final judgment on the merits of a claim.  As already noted, the Sixth Circuit found that the defendant's use of the phrase "HERE'S JOHNNY" in connection

15

with portable toilets violated John W. Carson's right of publicity. Further, opposer herein has asserted a claim of false suggestion of a connection under Section 2(a) of the Trademark Act. A claim of false suggestion of a connection under Section 2(a) of the Trademark Act is merely a codification of a claim of violation of the right of publicity. *See The University of Notre Dame du Lac v. J.C. Gourmet Food Imports Co., Inc.*, 703 F.2d 1372, 217 USPQ 505 (Fed. Cir. 1983). Accordingly, inasmuch as the Sixth Circuit held that the use of the phrase "HERE'S JOHNNY" violated John W. Carson's right of publicity, the Board holds such a ruling equivalent to a ruling under Section 2(a) of the Trademark Act within the context of our *res judicata* analysis.

Turning to factor three, there is no genuine issue of material fact that the transactional facts which are the basis of opposer's claims in this proceeding are identical to those that formed the basis of the prior civil action and Board proceeding. In particular, the claims all are based upon applicant's use and attempted registration of the mark HERE'S JOHNNY for portable toilets, and the earlier use and attempted registration by the company with which applicant is in privity.

In sum, there is no genuine issue of material fact that the requisite elements of *res judicata* have been satisfied.

16

The Board also finds that no genuine issue of material fact exists with respect to the claim that applicant cannot have a bona fide intent to use the mark because it cannot lawfully use the mark.

As noted above, applicant contends that the permanent injunction is inapplicable to it. We disagree. The permanent injunction specifically enjoins "[d]efendant, its agents, servants, employees, attorneys and all others in active concert or participation with defendant." By definition, Mr. Braxton, as an officer and sole owner of the prior defendant, was, at a minimum, in active concert and participation with the party bound by the permanent injunction and, therefore, is bound by the permanent injunction himself. Indeed, Fed. R. Civ. P. 65(d)(2), made applicable to Board proceedings by Trademark Rule 2.116, identifies the persons bound by an injunction as follows:

> **(2) Persons Bound.**
>
> The order binds only the following who receive actual notice of it by personal service or otherwise:
>
> (A) the parties;
>
> (B) the parties' officers, agents, servants, employees, and attorneys; and
>
> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

*See also United States v. Hochschild*, 977 F.2d 208, 213 (6th Cir. 1992)("an officer personally identified with corporation defendant had actual notice of injunction"); *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 109 (2d Cir. 1987)(officers and employees subject to injunction under Rule 65(d) even if they "were not parties to the underlying action and were not personally served").

Mr. Braxton cannot avoid the permanent injunction against him by merely forming another corporation of which he is the sole owner. Indeed, insofar as Mr. Braxton is bound by the permanent injunction individually, he cannot circumvent the injunction by acting through the applicant herein, which he also controls. In view thereof, we find that there is no genuine issue that the permanent injunction applies to applicant.

Applicant further argues that the injunction does not specifically enjoin use of HERE'S JOHNNY as a trademark. This argument is unpersuasive. The injunction specifically enjoins the defendant from using the phrase "HERE"S JOHNNY" "on or in connection with the advertising, promotion, offering for sale or lease, selling, leasing or otherwise furnishing goods."

The term "trademark" includes any word, name, symbol, or device, or any combination thereof—

    (1) used by a person, or

(2) which a person has a bona fide intention to use in commerce and applies to register on the principal register established by this chapter, to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown.

Trademark Act Section 45, 15 U.S.C. § 1127.

In order to obtain a federal registration, an applicant must demonstrate, prior to registration, use of its mark as a trademark in commerce. "Use in commerce means a bona fide use of a mark in the ordinary course of trade." Trademark Act Section 45. Moreover, it has been the consistent position of the Board and the USPTO that a *bona fide* use of a mark in commerce means a "lawful use in commerce." *See In re Midwest Tennis & Track Co.*, 29 USPQ2d 1386, 1386 fn. 2 (TTAB 1993); and *The Clorox Company v. Armour-Dial, Inc.*, 214 USPQ 850, 851 (TTAB 1982). A trademark is used in commerce when the mark

is placed in any manner on the goods or their containers or the displays associated therewith or on tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale; and the goods are sold or transported in commerce.

Trademark Act Section 45.

Because the permanent injunction enjoins applicant from making the use required to obtain its federal trademark registration, as a matter of law, applicant cannot make lawful use of its mark in commerce. Therefore, it is a

19

legal impossibility for applicant to have a *bona fide* intent to use its mark in commerce.

Even assuming that applicant could be found to have a bona fide intent to use its mark in commerce notwithstanding the injunction, our finding herein would not differ. It is incumbent on the Board to give effect to the determinations of the Sixth Circuit, including the remedy of the permanent injunction, and consider the terms of said injunction. *See* TBMP § 510.02(a) (2d. ed. rev. 2004). As a result, we find that applicant is precluded from registering its mark, regardless of its bona fide intent to use the mark in commerce, insofar as the injunction permanently prohibits applicant from using the applied-for mark in commerce. As noted above, a requisite condition for registration of a mark which is subject to an application based on use or an application based on intent-to-use is use of the mark in commerce. Thus, because the permanent injunction prohibits applicant from using its mark in commerce, it is a legal impossibility for applicant to obtain a registration.

In view thereof, we find that no genuine issue of material fact exists with the claim that that applicant does not have a *bona fide* intent to use its mark in commerce.

In reaching our decision that opposer is entitled to summary judgment on the two claims that form the basis for its motion for summary judgment, the Board now turns its

20

attention to applicant's defenses and affirmative defenses and will address each one separately.

## Affirmative Defense No. 1

### Failure to State a Claim Upon Which Relief May Be Granted

The asserted defense of failure to state a claim is not a true affirmative defense because it relates to an assertion of the insufficiency of the pleading of opposer's claim rather than a statement of a defense to a properly pleaded claim. *See Hornblower & Weeks Inc. v. Hornblower & Weeks Inc.*, 60 USPQ2d 1733, 1738 n.7 (TTAB 2001). Nonetheless, our consideration of opposer's motion for summary judgment illustrates that we find opposer to have properly set forth claims based on the doctrine of *res judicata* and lack of a *bona fide* intent to use the mark in commerce. Further, the claim of false suggestion of a connection under Section 2(a) of the Trademark Act was also properly pleaded.

## Affirmative Defense No. 2

### There Exists No Likelihood of Confusion Between Opposer's Pleaded Marks and the Mark in the Subject Application

Opposer has not asserted a claim of likelihood of confusion in this proceeding. Even if one had been pleaded, this "defense" would be nothing more than a denial of such a claim and not a true defense.

<u>Affirmative Defense No. 3</u>

<u>Applicant Does Have a Bona Fide Intention to Use its Mark in
Commerce</u>

This is not a defense, but a denial of opposer's claim, and as previously discussed, judgment for opposer on its claim is warranted.

<u>Affirmative Defense No. 4</u>

<u>Opposer is Barred by the Doctrine of Res Judicata on the
Ground of Likelihood of Confusion</u>

Opposer has not asserted a claim of likelihood of confusion in this case.  Therefore, applicant's contention that the doctrine of *res judicata* bars such a claim is inapplicable in this proceeding.  To the extent applicant may be contending that opposer is estopped from pursuing its claim under Section 2(a) because of the determination in the civil action that there exists no likelihood of confusion, the contention is rejected.  A claim of false suggestion of a connection under Section 2(a) and a claim under Section 2(d) are legally distinct.

<u>Affirmative Defense No. 5</u>

<u>Opposer Has Failed To Set Forth Appropriate Statutory
Grounds For This Opposition And, Therefore, Lacks Standing
To Bring This Case</u>

Applicant mistakenly mixes the notions of grounds and standing.  In any event, the Board has found that opposer

properly pleaded its grounds and standing and also has demonstrated the absence of any genuine issues of material fact as to both.

No genuine issues of material fact exist in regard to any of applicant's asserted affirmative defenses and opposer is, therefore, entitled to judgment in its favor on each of these defenses.

Accordingly, opposer's motion for summary judgment is **granted** in its favor on both its asserted claims that registration of the involved mark herein is barred by the doctrine of *res judicata* and that applicant lacks of a *bona fide* intent to use the mark in commerce, as well as on applicant's asserted affirmative defenses.

The opposition is sustained on the above-identified grounds, judgment is hereby entered against applicant on such grounds, and registration to applicant is refused.

Inasmuch as we have sustained the opposition on the two grounds asserted in opposer's motion for summary judgment as noted above, opposer's remaining claims of false suggestion of a connection under Section 2(a) of the Trademark Act and fraud will be given no further consideration.